THE TAYLOR-CRITCHFIELD COMPANY, Plaintiff in Error, *vs.* HENRY STUCKART, Defendant in Error.

*Opinion filed October 24, 1916.*

1. CORPORATIONS—*when capital stock of advertising company cannot be assessed by the State Board of Equalization.* An advertising company organized for the purpose of doing a general advertising business, publishing and printing books and papers, designing illustrations and carrying on the business of electrotyping and engraving is included in the terms of the statute which exempt the capital stock of printing companies from assessment for taxes by the State Board of Equalization, and its capital stock is assessable only by the local assessor or board of assessors.

2. SAME—*business need not be exclusively printing to exempt capital stock from assessment by the State board.* The statute exempting the capital stock of printing companies from assessment by the State Board of Equalization does not require that the business be exclusively printing in order to be within the exemption, and it is sufficient if the principal business of the corporation be the printing business.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. JESSE A. BALDWIN, Judge, presiding.

HOWE, FORDHAM & KREAMER, for plaintiff in error.

MACLAY HOYNE, State's Attorney, (MORRIS SCHAEFFER, of counsel,) for defendant in error.

275 — 9

Mr. JUSTICE DUNCAN delivered the opinion of the court:

Plaintiff in error began this suit by a bill in equity against defendant in error, as treasurer and collector for the county of Cook, to enjoin the collection of the taxes assessed by the State Board of Equalization for the year 1914 upon the capital stock of plaintiff in error. A demurrer was filed by defendant in error to the bill and the same was sustained by the court and the bill was dismissed for want of equity. The bill charged, among other things, that plaintiff in error was incorporated August 14, 1913, under the name of Long-Critchfield Corporation, which name was afterwards changed to Taylor-Critchfield Company; that the objects for which the said corporation was formed, as provided in its charter, are: (*a*) To do a general advertising business of any nature, as agent or otherwise; (*b*) to conduct the business of publishing and printing books, papers, circulars, pamphlets and other printed matter; (*c*) to design illustrations and all kinds of art work, and to carry on the business of electrotyping, engraving, and of any other method of reproduction of pictures or designs of any nature. The bill further charges that it is engaged in the business authorized by its charter and has engaged in no other business since its organization; that the State Board of Equalization valued and assessed its capital stock for the year 1914 at the sum of $75,000 full value and $25,000 assessed value; and also avers that the State Board of Equalization had no power, jurisdiction or authority to make such assessment, and that said assessment is illegal, unauthorized and void, and that it was made without notice or opportunity for the plaintiff in error to be heard.

No formal objections are urged against the bill as a pleading, the sole and only question presented for our consideration being whether or not the capital stock of plaintiff in error may be assessed, under the statute, by the State Board of Equalization.

The authority of the State Board of Equalization to assess the capital stock of corporations in this State is governed by section 108 of chapter 120, (Hurd's Stat. 1913, p. 2043,) which provides as follows: "The State Board of Equalization shall assess the capital stock of each company or association respectively now or hereafter incorporated under the laws of this State and which by this act are expressly required to be assessed by the State Board of Equalization in the manner hereinbefore in this act provided. But the State Board of Equalization shall not assess the capital stock of companies and associations organized for purely manufacturing and mercantile purposes or for either of such purposes, or for the mining and sale of coal, or for printing, or for the publishing of newspapers, or for the improving and breeding of stock."

The purpose for which a corporation is organized must be ascertained by reference to the terms of its charter. (*Distilling Co.* v. *People*, 161 Ill. 101.) By the provisions of the charter of plaintiff in error, as set forth in the bill, it is clearly disclosed that the State Board of Equalization has no power or authority to assess its capital stock, as it was organized to do printing of various kinds. All three of the provisions of its charter clearly show this. The objects of its incorporation are fully expressed by the provisions (*a*) and (*b*) aforesaid, which are, to do general advertising and to conduct the business of publishing and printing books, papers, circulars, pamphlets and other printed matter. The first definition given to the word "advertising" by the New Standard Dictionary is, "to make known by public notice, especially by print." The same book states the business of "publishing and printing books, papers, circulars, pamphlets, etc.," is simply the making known those articles to the public in print,—that is to say, they are promulgated or published by printing them and putting them before the public, and by its charter plaintiff in error may do this, either as agent or otherwise. It is

also clear that under provision (*c*) of the said charter the work therein described is merely another branch of printing, such as electrotyping, lithographing and engraving, which are special lines of printing.

Our conclusion must necessarily be that the principal business of plaintiff in error is printing, and that its capital stock is assessable only by the local assessor or board of assessors. The statute does not require that its business be exclusively the printing business to bring the plaintiff in error within the exceptions enumerated in said section of the statute. It is sufficient if the principal business of the corporation be the printing business. Under the averments of the bill plaintiff in error did no other business than that mentioned in its charter.

The decree of the circuit court is reversed and the cause remanded, with directions to overrule the demurrer to the bill.

*Reversed and remanded, with directions.*