WILLIAM H. CORBIN, TAX COMMISSIONER, *vs.*
AMERICAN INDUSTRIAL BANK AND TRUST COMPANY,
EXECUTOR, ET AL.

AMERICAN INDUSTRIAL BANK AND TRUST COMPANY,
EXECUTOR, ET AL. *vs.* WILLIAM H. CORBIN, TAX
COMMISSIONER.

First Judicial District, Hartford, May Term, 1920.

PRENTICE, C. J., WHEELER, BEACH, GAGER and CASE; Js.

Courts are limited to the declaration and enforcement of the law as the
legislature has seen fit to enact it.

Under General Statutes, § 1261, a legacy or bequest to a local corpora-
tion or institution "which receives State aid," is exempt from the
payment of a succession tax. *Held* that the exemption from general
taxation of a building belonging to and used exclusively for a
benevolent society (§ 1160), was a species of "State aid" which,
if actually received by the society, entitled it to exemption from the
payment of a succession tax upon its legacy; but that if the benevo-
lent society did not in fact happen to own such a building, and its
property was not otherwise exempt by legislative authority, then it
was not the recipient of "State aid," and, because thereof, could
not justly claim exemption from payment of the customary suc-
cession tax.

The Connecticut Temperance Union alleged that it was a benevolent
society and entitled to exemption from a succession tax upon a
legacy left to it, because it possessed a small garage, built on land
of one of its officers, for housing a car which was used exclusively
for corporate purposes by that officer. *Held:*—

1. That a demurrer to these allegations was properly sustained, for
lack of a specific averment that the title to the garage was not in
the landowner, where it presumptively would be; or, if the allega-
tion of possession was to be regarded as one of title, then for the
lack of an averment that the structure was not taxed as the prop-
erty of its presumptive owner, but was in fact exempted from
taxation by reason of the Union's ownership of it.

2. That the succession-tax exemption did not follow from the owner-
ship of real estate which might be taxed, but from exemption in
fact from the burden of taxation.

3. That there was nothing in the Union's charter, which was the proper
source of information upon that subject, to suggest that its pur-
poses were in any respect benevolent or charitable, nor did its

chosen field of activities—which was confined to the advancement of public causes of governmental concern by means of legislation— render the Union a benevolent or charitable one in any true sense. Not everything which makes for the public weal is in its essence charitable, neither does every effort put forth to advance such movements deserve to be characterized as benevolent.

Argued May 6th—decided June 10th, 1920.

APPEALS from an order and decree of the Court of Probate for the district of Hartford fixing the amount of the inheritance and succession tax due the State upon two items of property passing to two legatees under the will of Ira Dimock of West Hartford, deceased, taken to and reserved by the Superior Court in Hartford County, *Burpee, J.,* upon the demurrer filed in each case by the Tax Commissioner to the pleadings of the respective legatees, for the advice of this court. *Judgment advised against each legatee.*

Ira Dimock, late of West Hartford, died May 10th, 1917, leaving a considerable estate, and a will duly probated of which the American Industrial Bank and Trust Company is executor. By his will he made bequests to the Charity Organization Society of Hartford, and the Connecticut Temperance Union. The estate being ready for final settlement and distribution, the inheritance and succession tax payable to the State was determined. The Court of Probate found that the total net estate passing to the beneficiaries under the will was $642,642.59, that the amount passing to the Charity Organization Society was $11,700, and to the Connecticut Temperance Union $28,930.60; and that the total amount of tax due the State was $14,811.97. Included in this sum was $1,421.53, being 5% of the $28,930.60 passing to the Connecticut Temperance Union. The $11,700 passing to the Charity Organization Society was held to be exempt from the payment of a tax.

From this action of the court both the Tax Commissioner and the executor appealed, the former from the exemption allowed upon the $11,700 passing to the Charity Organization Society, and the latter from the inclusion of the $28,930.60, passing to the Connecticut Temperance Union, in the amount upon which a tax was to be paid.

*John W. Joy,* for the American Industrial Bank and Trust Company, Executor.

*Walter S. Schutz,* for the Connecticut Temperance Union.

*Ralph O. Wells,* for the Charity Organization Society.

*Charles W. Cramer* and *Arthur E. Howard, Jr.,* for the Tax Commissioner.

PRENTICE, C. J.   Pursuant to the laws in force at the time of Mr. Dimock's death, all the property passing by his will to any corporation or institution located in this State receiving State aid, was exempt from inheritance and succession taxes.   Public Acts of 1915, Chap. 332, § 3; General Statutes, § 1261.   In *Corbin* v. *Baldwin,* 92 Conn. 99, 101 Atl. 834, we held that corporations and institutions which were in the enjoyment of aid from the State, through the medium of exemptions from taxation by legislative authority, were entitled to the benefit of succession tax exemption as being recipients of State aid.   The Charity Organization Society was and is a private corporation chartered by the General Assembly for benevolent and charitable purposes, and is located in Hartford.   Its benevolent character is as distinct as was that of the House for the Friendless and the Lowell House, whose

right to succession tax exemption came under review in the case above cited, and like them would now be entitled to such exemption were it not that, unlike them, it, at the time of the testator's death, was possessed of no property exempt by law from general taxation.

Its counsel, however, urges that this difference is a superficial rather than a material one, that it is not of the essence of the matter upon which the exemption is based, and that since his client belongs to a class of corporations and institutions which, by reason of the public service they render, the State has regarded worthy of receiving donations of property for administration for the public weal without diminution at its hands, it ought to be as favorably treated as others engaged in the same or similar lines of work.

The trouble with the counsel's argument and appeal is that we are not the law-making body, and that our authority is limited to the declaration and enforcement of the law which the General Assembly has ordained. It matters not what our individual or collective opinions may be as to what the law should be. The law as it is written in our statute books must control our action and decision.

The pertinent and only pertinent provision of our statute, making for the exemption of charitable institutions from the ordinary operation of the succession tax law, is brief and by no means ambiguous. It exempts property passing to or in trust for the benefit of any corporation or institution "which receives State aid." Public Acts of 1915, Chap. 332, § 3; General Statutes, § 1261. It speaks in the present tense, and does not extend to property passing to corporations and institutions which either would be tax exempt if they owned real estate, or belong to a class engaged in public welfare work similar to that in which others are

engaged who are recipients of public aid by means of tax exemptions. We are forced to hold that the statutory conditions entitling a corporation or institution to receive property by will or descent free of a succession tax levied thereon, are not satisfied in the case of the testator's benefaction to the Charity Organization Society, for the reason that it is not and was not at the date of Mr. Dimock's death the recipient of State aid.

The considerations above noted would effectually dispose of the Connecticut Temperance Union's claim to exemption, were it not for the allegation in its reasons of appeal, demurred to, that it possesses a small garage built on land of one of its officers, for the purpose of housing a car belonging to it and used exclusively for its purposes by that officer. The contention that the fact thus alleged is a saving one and establishes that the Union was in receipt of State aid, fails for want of a specific allegation that the title to the garage was not in the landowner, where it presumptively would be; or, if the allegation of possession is to be interpreted as one of title, for the lack of averment that the structure was not taxed as the property of its presumptive owner, but was in fact exempted from taxation by reason of the Union's ownership of it. The succession-tax exemption does not follow from the ownership of real estate which might be taxed, but from exemptions in fact from the burdens of taxation.

Our conclusion that the Union is not entitled to receive Mr. Dimock's bequest to it free from succession-tax, might well rest here: but it finds broader and more substantial support upon another ground. Its only claim to the occupancy of a preferential position in respect to succession taxes, is one which must rest upon its receipt of State aid through tax exemption. Its charter provides for no such exemption. No provision

of the general law would operate to afford it one, except it be that which exempts buildings belonging to and used exclusively for scientific, literary, benevolent or ecclesiastical societies. § 1160. It makes no pretense of being a scientific, literary, or ecclesiastical society. Its assertion is that it is a benevolent society within the meaning of the statute.

If we look to its charter, which is the proper source of information as to its corporate purposes and character, we find not even a suggestion that its purposes are in any respect benevolent or charitable. *Taylor-Critchfield Co.* v. *Stuckart*, 275 Ill. 129, 131, 113 N. E. 895; *State Utilities Commission* v. *Bethany Mutual Telephone Asso.*, 270 Ill. 183, 186, 110 N. E. 334; *Detroit Driving Club* v. *Fitzgerald*, 109 Mich. 670, 675, 67 N. W. 899; *Colgate* v. *United States Leather Co.*, 75 N. J. Eq. 229, 236, 72 Atl. 126. Its charter appears to be a unique bit of legislation whereby a corporate entity is brought into being without a definite purpose which it was to serve, and left to determine for itself what purpose or purposes, however divergent or diversified they might be, it should make its own.

If it be said that its character is to be found in what it has chosen as its field of activities, we find from a statement contained in its reasons of appeal that it has been for the most part, or indeed entirely, confined to the advancement of public causes of governmental concern and the promotion of legislation for their advancement. However praiseworthy those causes and that legislation may have been, the Union's corporate character and purposes cannot thereby be converted into ones which the law regards as benevolent or charitable. A purpose to secure either the passage or enforcement of laws believed to be for the public weal, does not serve to make a corporation having that for its object a benevolent or charitable one in any true sense.

*Parkhurst* v. *Treasurer and Receiver General*, 228 Mass. 196, 199, 117 N. E. 39; *Jackson* v. *Phillips*, 96 Mass. (14 Allen) 539, 571.

An examination of the statement of the Union's activities above referred to, fails to disclose any service undertaken by it for the alleviation of individual conditions, or for the promotion of individual or public welfare, by direct action on its part or on the part of its agencies, as is usual in the case of associations commonly known as charitable. Its efforts appear to have had for their sole object the accomplishment of ends believed by it to be salutary, through the channels of legislation and the law. Its work has thus partaken of a public or political rather than a charitable character. *Parkhurst* v. *Treasurer and Receiver General*, 228 Mass. 196, 199, 200, 117 N. E. 39. Of course, the welfare of individual members of society might be immeasurably enhanced by the achievement of its ends, but that result would come by indirection and only as similar results flow from all good legislation and good government. Not everything which makes for the public weal is in its essence charitable, neither does every effort put forth to advance such movements deserve to be characterized as benevolent.

The Superior Court is advised to render its judgment reversing the action of the Court of Probate in exempting the bequest to the Charity Organization Society, including the amount of that bequest in the Class C taxable estate, and affirming the action of the Court of Probate in respect to the bequest to the Connecticut Temperance Union.

No costs in this court will be taxed in favor of either party.

In this opinion the other judges concurred.