THE STATE OF CONNECTICUT EX REL. GEORGE F. LEWIS *vs.* ROBERT B. TURNEY ET ALS.

Third Judicial District, New Haven, June Term, 1922.

WHEELER, C. J., BEACH, BURPEE, KEELER and BANKS, Js.

Under the Act establishing a town council and town-manager form of government for the town of Stratford, including initiative, referendum and recall features, any elector of the town may make and file with the town clerk, as the initial step in the procedure for the

The State ex rel. Lewis *v.* Turney.

recall of members of the council, an affidavit containing the name of the member of the council whose recall is sought, and a statement of the grounds for his removal (§ 17). *Held* that the Act did not attempt to define the character of the affidavit, nor to measure its extent, mark its bounds, or establish a standard of sufficiency; and that the truth, sufficiency, or merit of the charges or statements contained in the affidavit, was not a subject-matter for judicial or semi-judicial inquiry, but presented a purely political issue determinable by the electors only, whose will, as expressed by a majority, was the very essence and end of the new system of government created by the Act.

In the present case the affidavit stated that the respondent whose recall was sought had failed and refused to perform his duties as councilman in the manner desired by the majority of the electors of the district, and especially in refusing to vote to rescind a resolution of the council discharging the town manager, "although petitioned by said electors so to do," but continued to hold his office although a large majority of the electors of the district considered that he no longer properly represented them. *Held* that although this respondent had not been petitioned by the electors, as recited in the affidavit, and even assuming that the purpose of the affiants was, by false representations spread upon the record, to persuade the electors to recall the respondent, these things were immaterial and did not vitiate or affect the other allegations of the recall petition, nor impair the procedure thereon.

Section 17 of the Act requires the recall petition, before being returned to and filed with the town clerk, to be signed by at least fifteen per cent of the electors who were entitled to vote at the last regular town election; and § 18 prescribed that within ten days after such return and filing, the town clerk should ascertain whether or not the petition was signed by the requisite number of electors, and should attach thereto his certificate showing the result of such examination; and § 19 provides that if the petition "shall be certified by the town clerk to be sufficient," it shall be submitted with his certificate to the council at its next meeting, etc. *Held* that all that the Act required in the certificate was a statement to the effect that the recall petition had or had not been signed by at least fifteen per cent of the electors, as shown by the town clerk's examination; and that inasmuch as the certificate in the present case stated that as a result of the town clerk's examination the petition had been found to be signed by at least fifteen per cent of the qualified voters, it complied with the terms of the Act, although it did not use the word "sufficient" contained in § 19.

Whether the certificate would have complied with the Act had it merely certified that the petition was "sufficient," *quære.*

Should a question of doubt arise in construing a governmental Act

of this character, it should be resolved, if possible, in such a way as to help make the measure effective for the purpose for which it was enacted.

Argued June 9th—decided June 14th, 1922.

PETITION for a rule to show cause why an election of the voters of the town of Stratford should not be ordered by the court, to pass upon a petition for the recall of one of the members of the town council of said town, or, in lieu thereof, for the issuance of a peremptory writ of *mandamus* requiring the town council of Stratford to call an election for the purpose aforesaid,—brought to and reserved by the Superior Court in Fairfield County, *Wolfe, J.*, upon an agreed statement of facts, for the advice of this court. *Judgment advised in favor of the relator.*

*William H. Comley, Jr.*, for the relator.

*Edward K. Nicholson*, for the respondents.

WHEELER, C. J. In § 2 of "An Act Establishing a Town Council and Manager Form of Government in the Town of Stratford" (Special Laws of 1921, p. 1048), provision is made for the constitution of a council to consist of nine members, to be elected from the districts formed by the Act. Provision is made in the Act for the recall and removal from the council of any of its members, by the electors of the district which he represents. The electors of the town of Stratford adopted this Act and chose a council of nine members in October, 1921. Six identical actions are pending in the Superior Court, of which this action against Robert B. Turney is one, to secure the recall of six of the nine members. The procedure for the recall of a member is given in §§ 17, 18 and 19 of the Act. All of the requirements to set in motion the procedure of recall in

this case have admittedly been taken except in two particulars. Section 17 provides that "any elector of a voting district may make and file with the town clerk an affidavit containing the name of the council member whose removal is sought and a statement of the grounds for removal." The filing of this affidavit is the initial step in the required procedure.

The respondents allege, in paragraph 8 of their answer, that "the grounds stated in the affidavit were not true in so far as the affidavit states that the electors of the third district had petitioned the said Robert B. Turney to rescind the resolution passed by the said Council, there being no petition filed with the said Council or with the said Turney requesting him to vote to rescind the resolution passed by the said Council." The respondents justify the refusal to call an election upon the recall-petition, because one of the allegations included in the charges set forth in the affidavit is untrue.

The second reason assigned for respondents' refusal to call an election is the inadequacy of the certificate required to be filed by the town clerk. Section eighteen provides that "within ten days after the filing of the petition the town clerk shall ascertain whether or not the petition is signed by the requisite number of electors and shall attach thereto his certificate showing the result of such examination." Section 19 provides that "if the petition or amended petition shall be certified by the town clerk to be sufficient he shall submit the same with his certificate to the council at its next meeting and shall notify the member or members whose removal is sought of such action." The town clerk, within said ten days after the filing of the petition, attached to the petition a certificate in the following form: "This is to certify that I have carefully examined the petition seeking the recall of Robert B

Turney, Councilman, from the Third District, filed with me as Town Clerk on April 17th by George F. Lewis, A. L. Nettleton, and Nestor Light, all bona-fide electors of the Third District; that as a result of said examination I further certify that the said petition is signed by at least fifteen per centum of the qualified voters of said Third District who were entitled to cast their votes at the last preceding town election. Attest, May Morehouse, Town Clerk."

The respondents allege that this certificate is defective because it is "not certified by the town clerk as being sufficient, as directed by section nineteen." These two alleged defects in the recall procedure are set up in the answer, to which the relator has demurred upon the ground that both affidavit and certificate comply with the requirements of the Act. The questions arising upon the demurrer are reserved for the advice of this court, and the parties stipulate that final judgment may be entered upon the decision of the questions arising under the answer and the demurrer to the second defense.

We take these grounds of demurrer up in the order stated. The charges set up in the affidavit are that the respondent Turney failed to perform the duties of his office in a manner desired by the majority of the electors of the district he represented, and that he refuses and neglects to comply with the wishes and requests of the electors, in that he refuses to rescind the resolution passed by the Council purporting to discharge R. H. Hunter, Town Manager, and continues to hold said office, although a large majority of the electors of said district consider that he no longer properly represents them. These charges are not alleged to be, nor claimed in argument to be, inaccurate or insufficient. But the charges also recited that the respondent Turney had been petitioned by the electors to vote to rescind the

resolution purporting to discharge Hunter, and this is the allegation of the affidavit which the respondents claim to be an untrue charge and one which colors with its falsity all the rest of the affidavit and hence renders it defective.

The Act does not attempt to define the character, measure the extent, mark the bounds, or establish the standard of sufficiency of the affidavit. Obviously it does not do this, since its purpose is to furnish to the electors, if an election subsequently follows, the reasons which prompted the recall proceedings. The recall procedure does not make it the duty of the council, or of anyone else except the electors, to pass upon the truth, sufficiency or merit of the charges. And the theory of this form of municipal government assumes that this inquiry is not a judicial or semi-judicial inquiry, but, as the relator's counsel urges, an inquiry for the electors, presenting a purely political issue.

The respondents say the patent purpose of the relator was to spread upon the record and present to the electors false representations, and by such false means persuade the electors to recall the respondent Turney. If this was true it could not affect this situation. The Act does not provide for a determination as to the truth or sufficiency of the charges by the council or by anyone save the electors. If the respondents could refuse to call an election because they had not determined the truth of the charges in the electors' affidavit, the proceeding by recall would prove abortive, since the term of office would likely enough end before the inquiry was finished. So that in case the charges were untrue, this would not make the affidavit nugatory as a part of the required procedure of recall; the examination of and decision upon the charges are for the electors, not the council.

The respondents' claim, that one false charge in a

number of other charges impregnates them with its falsity, merits no answer. The strictest rules of ancient pleading would not reach such a result. Equally unsound is the claim that untrue charges in an affidavit vitiate all the rest of the procedure, although regularly taken. Examining the part of this affidavit which is alleged to be an untrue charge, we find that it is not a charge at all, but a mere recital that the council had been petitioned by the electors to vote to rescind the resolution of discharge of Hunter. With this recital eliminated, the charges remaining, that the respondent Turney refuses and neglects to comply with the wishes and requests of the electors, and no longer properly represents them, cannot be regarded as immaterial, when the Act makes the will of the majority of electors the very end of the new system of municipal government which it sets up.

We find no doubtful question of construction involved in this provision of the Act which gives to every elector of the town of Stratford the right to institute recall proceedings by filing an affidavit; if the question were in doubt, a practical construction should be adopted which would help to make the legislative purpose in the recall proceedings effective, rather than to destroy them by enforcing rules of precise pleading and requiring a judicial investigation of the charges before calling the election.

The town clerk's certificate is alleged to be defective in that the town clerk does not certify that the petition was "sufficient" as provided by section nineteen. Section eighteen requires him to certify whether or not the petition is signed by the requisite number of electors; and section seventeen provides that "the petition before being returned and filed shall be signed by the electors of the district to the number of at least fifteen per centum of the number of electors who were

entitled to cast, in said district, their votes at the last preceding regular town election." The certificate of the town clerk which is claimed to be defective, certifies that the petition is signed by the said electors to the required number.

The town clerk was not required to attach to the petition a certificate certifying anything other than the result of his examination, as provided in section eighteen. Nowhere in the Act is he required to certify further than this. When section nineteen provides for the further procedure when the town clerk has certified the petition "to be sufficient," it uses this expression as another and a shorter form for what the town clerk was required to do under section eighteen.

The allegations of paragraphs five and six of the complaint are admitted; that is, it is admitted that the recall petition in all respects complies with the Act. By the ordinary rules of pleading the respondents cannot subsequently attack the certificate as failing to comply with the Act. The Act does not require the certificate to be in any specific form. Its statement of what the town clerk had done showed that he had performed his duty under section eighteen. If he had merely certified the petition "to be sufficient" (§ 19), it would not have been as informing as his statement of what he had done. Whether it would have been a compliance with the Act we do not stop to inquire.

The respondents dwell upon the public importance of giving such a construction to the word "sufficient" in section nineteen, as shall include within it the duty of the town clerk to examine the affidavit, petition-blanks, endorsements, etc., so that elections shall not be called until the statutory requirements have been found by some authority to have been carried out. We find nothing in the Act which points to such a

construction. We construe the Act as it is, and are not concerned in determining whether, if other provisions had been included, the Act would have been a better Act. *Corbin* v. *American Industrial Bank & Trust Co.*, 95 Conn. 50, 53, 110 Atl. 459.

The Superior Court is advised to render judgment sustaining the demurrer to the second defense, and thereupon to render judgment in favor of the relator in accordance with the stipulation of the parties.

In this opinion the other judges concurred.