MARY CANFIELD MCPADDEN *v.* HAROLD J. MORRIS ET ALS.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, Js.

Argued May 10—decided June 5, 1940.

*Francis J. King* and *Isadore L. Kotler,* with whom on the brief, was *Alexander L. DeLaney,* for the appellant (plaintiff).

*Walter Werner,* with whom was *Harry Schwartz,* and, on the brief, *John V. Donnelly,* for the appellees (defendants).

PER CURIAM. For the reasons stated in the memorandum of decision, quoted above, we find correct the conclusion reached, that the plaintiff was not "the surviving spouse of such member who shall have been married to him and living with him as his wife at the time of his death," within the meaning of the charter provision. As stated by the trial court, there is no room for construction when the wording of the statute is clear and direct.

The brief of the plaintiff is, in the main, concerned with the claimed inequitable result of this application of the statute. She points out that while she was living apart from her husband, it was through no fault of hers and argues that the Legislature could not have intended to deprive widows in her situation of the benefit of the pension. Similar arguments have been frequently made and have never prevailed where the wording of the statute is as plain and unambiguous as that here under consideration. *State* v. *Nelson,* 126 Conn. 412, 416, 11 Atl. (2d) 856. We are not concerned with the wisdom or unwisdom of legislation, *Connelly* v. *Bridgeport,* 104 Conn. 238, 249, 132 Atl. 690, nor with the recognition of equities which contravene such wording. *Wilcox* v. *Bliss,* 116 Conn. 329, 332, 164 Atl. 659; *Blodgett* v. *New Britain Trust Co.,* 108 Conn. 715, 719, 145 Atl. 56. "We construe the Act as it is, and are not concerned in determining whether, if other provisions had been included, the Act would

have been a better Act." *State ex rel. Lewis* v. *Turney,* 97 Conn. 496, 504, 117 Atl. 499.

The phrase "living with him" and similar wording has uniformly been interpreted as meaning actually residing with, making a home with. *Nelson's Case,* supra, 469; *Gallagher's Case,* supra; *State ex rel. Livingston* v. *Minneapolis Fire Department Relief Association,* 205 Minn. 204, 285 N. W. 479. In each of these cases the wife was living apart from her husband without fault on her part but relief was denied her because of the wording of the statute. In the only case cited by the plaintiff on this point, *Reymond* v. *Louisiana Trust & Savings Bank,* 177 La. 409, 425, 148 So. 663, the question arose under a homestead statute and the husband was not dead but very much alive and apparently engaged in a conspiracy to defraud his wife and the court.

There is no error.