DAVID LEVY *v.* LAZARUS S. HEYMAN

SUPERIOR COURT      HARTFORD COUNTY      FILE No. 90089

Memorandum filed August 13, 1954.

*Butler, Volpe, Garrity & Sacco* and *Joseph V. Fay, Jr.,* both of Hartford, for the plaintiff.

*Louis Katz,* of Danbury, and *Pelgrift, Blumenfeld & Nair,* of Hartford, for the defendant.

House, J. The defendant having been served with notice of intention to take his deposition and with a subpoena duces tecum has made application to restrain the plaintiff from taking the deposition and to quash the subpoena. While several grounds are alleged as bases for the order sought it appears that the defendant relies chiefly upon the allegation that the purpose of the plaintiff in taking the deposition is to conduct a "fishing expedition" and for the purpose of securing information as to facts within the knowledge of the defendant and for the further purpose of putting plaintiff's counsel in a better position for cross-examination of the defendant.

Aside from an agreed statement as to a remark by plaintiff's counsel, no evidence was offered in support of the allegations contained in the application. The substance of the remark previously made by plaintiff's counsel was that one reason he was taking the deposition was "to find out more of what the case is about."

At the hearing, it was claimed on behalf of the plaintiff that the plaintiff relied solely upon the provisions of § 7871 of the General Statutes which au-

thorizes the taking of a deposition of any witness who lives more than twenty miles from the place of trial. Plaintiff's counsel does not disclaim the possible benefits to his client in the opportunity to learn more about his opponent's case but does claim that this is completely irrelevant and that the statute clearly authorizes the procedure he has undertaken.

Similar applications have been granted. In *Shepherd* v. *Lomas*, 9 Conn. Sup. 168, *Comley, J.*, concluded that the *sole* purpose of the deposition proposed in those proceedings was to put counsel in a better position for their cross-examination at the trial and that the party there sought to take the deposition "for an ulterior purpose." In *Hackett et al.* v. *Roosevelt School, Inc.* (Case No. 92979, Superior Court, Fairfield County, July 15, 1954) *Thim, J.*, granted the relief sought, commenting that "Our deposition procedure is to afford a means of presenting testimony and is not to be used to conduct a fishing expedition."

There would seem to be considerable merit to the argument of plaintiff's counsel that the statute in question is clear and unambiguous in permitting the taking of a deposition subject only to the requirement that the witness live more than twenty miles from the place of trial. "Where the language is unambiguous the judiciary is helpless to intervene even to remedy a mistake. To attempt so to do would be an unwarranted exercise of legislative functions. *Farmer* v. *Beiber-Goodman Corp.*, 118 Conn. 299, 303." *McPadden* v. *Morris*, 126 Conn. 654, 656. See *State* v. *Nelson*, 126 Conn. 412, 416. As the Supreme Court of Errors has just recently said in the case of *Burns* v. *Seymour*, 141 Conn. 401, 405, "We have frequently said that where a statute is plain and unambiguous in its terms this court is not concerned with the recogni-

tion of equities which contravene the wording of the statute. *State ex rel. Kirby* v. *Board of Fire Commissioners,* 129 Conn. 419, 424, 29 A.2d 452; *McPadden* v. *Morris,* 126 Conn. 654, 658, 13 A.2d 679; *State* v. *Nelson,* 126 Conn. 412, 416, 11 A.2d 856."

However, in the present proceedings it is not necessary to determine whether under any circumstances defendant's application could be granted in view of the clear language of the statute. Upon the limited evidence presented in these proceedings I cannot conclude that the proposed deposition is primarily or in the nature of a "fishing expedition" or for an ulterior motive or that any circumstances exist which would justify any interference by the court with plaintiff's exercise of the right to a deposition granted by § 7871 of the statutes.

Accordingly the defendant's application is denied.