IRENE HOLLAND ET AL. *v.* JOHN A. KRAWSKI ET AL.

SUPERIOR COURT     HARTFORD COUNTY     FILE No. 120549

Memorandum filed March 7, 1962

*Fauliso & Katz,* of Hartford, for the plaintiffs.

*Regnier & Moller,* of Hartford, for the defendants.

KLAU, J. The defendants have served the plaintiff Irene Holland with a notice that they will take her deposition on March 19, 1962, to be used in the trial, and state in said notice that the deposition is to be taken on the ground that this plaintiff is an adverse party within the meaning of § 52-178 of the General Statutes, as amended. It is agreed that the status of the plaintiff does not fall within the provisions of §§ 52-148, 52-149 and 52-152 of the General Statutes, which set forth the prerequisites for the taking of a deposition of a witness or party to a civil action. The plaintiff lives in East Hartford, which is not more than twenty miles from the place of trial. She is not going to sea or out of the state, nor is she by reason of age or infirmity unable to

travel to court, nor is she confined to jail. § 52-148. She is not of the age of sixty years or over. § 52-149. She is not in the armed forces. § 52-152.

The defendants assert the right to take the plaintiff's deposition solely on the ground that she is an adverse party. They assert that § 52-178, as amended by Public Acts 1961, No. 177, authorizes the taking of the deposition of an adverse party upon due notice, even though such adverse party does not come within any of the categories specified in §§ 52-148, 52-149 and 52-152. However, an examination of the legislative history of the amendment made by No. 177 of the 1961 Public Acts to § 52-178 leads to a contrary conclusion. In construing § 52-178, as amended, we must look beyond the literal meaning of the words used in it to its history, to the language used in all of its parts, and to its purpose and policy. *Bergner* v. *State*, 144 Conn. 282, 288.

Public Act No. 177 originated verbatim from House Bill No. 3329, which was entitled "An Act concerning Compelling an Adverse Party to Testify or Give a Deposition and Extending the Application of the Statute to Officers, Directors and Managing Agents of Corporations, Partnerships and Associations." The bill provided for the repeal of § 52-178 of the General Statutes and the verbatim substitution of what now is § 52-178. The stated purpose of the bill was "[t]o extend the application of this statute [§ 52-178] to executive personnel of private and public corporations, partnerships and associations, and to allow a party to take a deposition from such adverse parties." House Bill No. 3676 and Senate Bill No. 556 were also introduced, dealing with the subject of a party compelling testimony of persons and of corporations who were adverse parties, or of their agents and employees.

At a hearing held on House Bills Nos. 3329 and 3676 before the joint standing committee on judiciary and governmental functions, only one witness, Robert Danaher, appeared, representing the State Bar Association, and he stated: "We are in favor of the principle that the right of a party to an action to call an adverse party where it's a corporation and that is to include an officer or director or managing agent of the corporation or partnership or association. Bill 3329 also deals with the right to take a deposition of such persons and frankly, this wasn't discussed by the State Bar and, in my opinion, it is superfluous to this particular bill and should be dealt with, if at all, in the statute relative to deposition. I feel actually that it should be left to the rule-making power of the court." Hearings before the Joint Standing Committee on Judiciary & Governmental Functions, 1961 Sess., pp. 203, 204. The bill was reported favorably, without change, by both house and senate judiciary committees; File No. 326, House Calendar, April 27, 1961; and passed without comment. 9 S. Proc., Pt. 4, 1961 Sess., p. 1288; 9 H. Proc., Pt. 3, 1961 Sess., p. 1269.

There is nothing in the legislative history with respect to Public Act No. 177 to indicate that the General Assembly intended to authorize unrestricted examination of adverse parties before trial by way of deposition, nor is such a construction of Public Act No. 177 required. The act merely broadened or extended the definition of adverse party to include certain specified personnel of private and public corporations, partnerships and associations and further clarified or extended the right of cross-examination of such adverse party to examination conducted by way of deposition as well as during the course of a trial, since the right to cross-examine an adverse party during trial had already been secured in 1959 by amendment to § 52-178 by No. 444 of the 1959 Public Acts.

The right to take the deposition granted by § 52-178, as amended, is not unlimited. It is to be taken "in the same manner and subject to the same rules as those pertaining to the taking of other depositions." This language is not so broad as to compel the conclusion that depositions of adverse parties are not bound by the prerequisites of §§ 52-148, 52-149, and 52-152. Efforts made by some members of the bar seeking to persuade the rule-making authority of the judicial department to adopt the so-called "Federal Rules" relating to pre-trial procedure and permitting unrestricted examination prior to trial have not as yet proven successful. There is nothing to indicate that the General Assembly intended to depart from existing practice.

It is asserted that the 1961 amendment to § 52-178 is meaningless if the prerequisites to obtaining a deposition of an adverse party remain unchanged, since that restricted right already existed under §§ 52-148, 52-149 and 52-152 and has existed, even in the absence of express authority in the statute, for a hundred years. *Buckingham* v. *Barnum,* 30 Conn. 358. It is asserted that it could not be the intent of the General Assembly to enact a meaningless statute; *Bergner* v. *State,* 144 Conn. 282, 287; that to give it significant meaning, it must be construed as authorizing unrestricted depositions of adverse parties; and that the phrase "in the same manner and subject to the same rules as those pertaining to the taking of other depositions," as used in the statute, refers only to the procedural requirements as to time, notice and the details required in holding the hearing and transmitting the transcript to the court pending the time of trial.

The answer to these assertions is that the amendment as contained in Public Act No. 177 is not meaningless. It simply broadens the application and

scope of the words "adverse party" to include certain persons occupying positions in corporations, partnerships and associations; permits depositions, subject to the prerequisites as to status required under §§ 52-148, 52-149 and 52-152, of such persons; and provides that such a person, as an adverse party, may be examined either on deposition or at trial as an adverse witness.

The deposition of the plaintiff sought to be taken by the defendants was not authorized by law, and hence the notice to take it was not one issued pursuant to law. No issue has been raised as to the propriety of the relief sought by the plaintiff. It would appear that motion should have sought to restrain the defendants from taking the deposition and to quash the notice. See *Levy* v. *Heyman,* 19 Conn. Sup. 142, 144; *Murray* v. *Senatro,* 20 Conn. Sup. 427.

The plaintiff's motion objecting to the defendants' notice to take a deposition is sustained, and the taking of the deposition is restrained and denied.