This action purports to be an appeal under § 52-7 of the General Statutes which provides: "The court of common pleas shall have *Page 291 
exclusive jurisdiction of all appeals from the doings of any municipal board, officer or commission, and all appeals from the doings of the liquor control commission. . . ." It was brought by a member of the police department who claimed that the police commissioners made illegal appointments and promotions to and within the department.
This motion by the defendants Osso and Smith to erase alleges that the complaint does not allege that the plaintiff was a party in the proceedings of the board complained of and that there is no authority by statute or municipal charter or ordinance giving a right of appeal to one in the plaintiff's position.
The plaintiff claims that § 52-7 creates such a right. We cannot agree with this contention. It merely provides that the forum having jurisdiction to hear such appeals is the Court of Common Pleas. It does not create any right of appeal. The remedy of appeal must exist in some other source. Absent a right of appeal, the court has no jurisdiction to entertain an appeal. Long v. Zoning Commission,133 Conn. 248.
 Judgment may enter erasing the appeal as to the defendants Osso and Smith.