[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
STATEMENT OF THE FACTS:
The plaintiff brought this action against the defendants when Defendant West Haven Pension Board failed to award her the pension benefits of her deceased husband, Luis J. Gonsalves.
Luis J. Gonsalves married Anne Mirandi Juliano on November 22, 1956. On July 26, 1963, he was appointed a police officer for the City of West Haven. He retired on May 6, 1977 due to a disability. Approximately one month later, on June 9, 1977, he divorced his wife Anne. On September 3rd of that same year, he married Lucille Malafronte, the Plaintiff. He died on September 30, 1990.
Following the death of Luis J. Gonsalves, both Anne and Lucille Gonsalves applied to the West Haven Police Pension Board for widow's benefits. On October 30, 1990, the Pension Board denied the widow's benefits to Lucille Gonsalves and granted them to Anne Gonsalves.
Plaintiff Lucille Gonsalves brought the present action and now seeks a declaratory judgment as to her rights as a beneficiary and other equitable relief.
DISCUSSION:
We turn first to the question whether the issue now raised is the proper subject of a declaratory judgment. An essential requirement is that there be "an actual bona fide and, substantial question or issue in dispute or substantial uncertainty of legal relations which requires settlement between the parties." St. John's Roman Catholic Church v. Darien, 149 Conn. 712, 717 (1962). See also, P.B. 389, for scope of declaratory judgment. CT Page 10312
To be entitled to a declaratory judgment, the plaintiff must have "an interest, legal or equitable, by reason of danger of loss or of uncertainty as to his rights or other jural relations. P.B. 390(a). Further, to be entitled to a declaratory judgment, plaintiff must demonstrate that there are no other adequate remedies available at law. Although Connecticut General Statute 51-197b
may appear to provide a remedy, it does not. Section 51-197b
merely provides the Superior Court as the forum having jurisdiction to hear appeals from agencies of political subdivisions when the right to appeal otherwise exists. It does not create a right of appeal. In the absence of statutory authority for an appeal to the Courts from administrative officers or boards, the Courts are without jurisdiction to entertain such appeals. DeFillipo v. Board of Police Commissioners, 30 Conn. Sup. 290 (1973). The Court in DeFillipo stated that the remedy of appeal, if any, must come from a source other than a 51-197b. Id. at 291.
The plaintiff has satisfied the requirements for a declaratory judgment by demonstrating substantial uncertainty as to beneficiary rights under the police pension fund. Furthermore, since the plaintiff has shown the court that there are no other adequate remedies at law, she is entitled to bring a declaratory judgment action.
The court must determine whether plaintiff Lucille Gonsalves has any rights in Luis J. Gonsalves' pension. In order to do so, we must first look at the language of the Pension fund:
 "Upon death of any member of the Police Department . . . the widow of such member shall receive, until her death or remarriage, out of said fund of said Department, a monthly sum equal to one-half of the compensation received by such member at the time of his death. . ."
All parties agree that the meaning of "widow" as defined in the Police Department Manual is crucial in deciding whether the plaintiff is the rightful beneficiary of the pension fund. The manual provides, in part:
 "The term `widow' as used in this Section, shall be limited in its meaning to the surviving wife of such member who was living with him at the time of his death, or if not so living with him, CT Page 10313 was absent by reason of his fault, and who, if such member was retired, was married prior to his retirement from such Department."
Plaintiff claims that a grammatical analysis of this section lends support to her claim that she falls under the manual's definition of "widow." Under the plaintiff's theory, the language of the manual imposes only two requirements for pension eligibility: (1) that she be a surviving wife; and (2) that she be living with the decedent at the time of his death. It is the plaintiff's position that the subordinate clause, "and who, if retired, was married to him at the time of his retirement," constitutes a requirement that is applicable only to a surviving wife who is not living with her husband at the time of his death by reason of his fault.
This court does not agree with the plaintiff's grammatical interpretation of the manual's language. The court holds that there are three requirements for a qualifying widow: (1) that she be a surviving wife; (2) that she either (a) be living with the decedent at the time of his death, or (b) if not so living with him, that she be absent by reason of the decedent's fault, and (3) if retired, the surviving wife must have been married to him at the time of retirement.
In order for Lucille Gonsalves to qualify as beneficiary under the Police Relief Fund she must meet the criteria set out in the manual's definition. Luis Gonsalves retired from the West Haven Police Department on May 6, 1977. He married the plaintiff four months after he retired. Plaintiff was not married to the decedent prior to his retirement and, therefore, cannot be a beneficiary under the fund, even if she was living with the decedent at the time of his death. She does not meet all three requirements as set forth in the manual.
Our Supreme Court has decided a case with similar facts in Heise v. The City of Hartford, 127 Conn. 359 (1940). In Heise, the plaintiff widow sought a declaratory judgment as to her rights as beneficiary in a police benefit fund. In that case, the Hartford Police Relief Fund defined "widow" as "the surviving spouse of such member who shall have been married to him and living with him at the time of his death, if such member is an active member of said department, or shall have been married to him prior to his retirement from said department and who shall be living with him at the time of his death." Id. at 360, 361. Mr. Heise had retired in June, 1927 and had married Mrs. Heise in February, CT Page 10314 1928. The Supreme Court held that Mrs. Heise was not within the definition of "widow" because she had not been married to Mr. Heise prior to his retirement.
The importance of falling within the definition of the term "widow" was further articulated by the Supreme Court in McPadden v. Morris, 126 Conn. 654 (1940). In McPadden, the Court denied widow's benefits to the surviving spouse of a Bridgeport police officer because she did not meet the definition of the term "widow" under that city's police relief fund. "Widow" was limited in its meaning to "the surviving spouse of such member who shall have been married to him and living with him at the time of his death." The Court held that the widow of a deceased policeman, who was living apart from him at the time of his death, by reason of the fact that he had mistreated her and ordered her out of his home, was not entitled to receive the pension.
Thus, like Mrs. Heise and Mrs. McPadden, Lucille Gonsalves does not meet the definition of the term "widow" contained in the West Haven Police Relief Fund. Since she was not married to her husband prior to his retirement, she cannot receive any pension benefits under Luis J. Gonsalves' pension fund.
The court is not permitted to seek out what it may conceive to be the equities of each particular case and ignore specific provisions of a law which clearly control. McPadden, at 656. The court must follow the statutory provisions and whether the results are or are not equitable is a matter of legislative and not judicial consideration. Blodgett v. New Britain Trust Co., 108 Conn. 715
(1929). In McPadden, the plaintiff attempted to add to the language defining "widow." The Court refused to add to the definition by stating: "A court is powerless to add to the wording of a statute which is clear and direct." Id. at 656. Courts have frequently stated that "where a statute is plain and unambiguous in its terms, the Court is not concerned with the wisdom or unwisdom of the legislation nor with the recognition of equities which contravene such wording." Ex. Rel Kirby v. Board of Fire Commissioners, 129 Conn. 419, 424.
The Court hereby finds that the plaintiff has no rights as beneficiary in Luis J. Gonsalves' police pension. The Court notes that prayer for relief in paragraph three of plaintiff's amended complaint dated October 5, 1993, requests the Court to determine Anne Gonsalves' entitlement to the fund. In view of the fact that Lucille Gonsalves has no rights to payment and in view of the fact CT Page 10315 that all parties required under 390-d for a determination of rights of persons other than plaintiff may not be before the Court, the Court, while finding no rights to pension benefits in the plaintiff, makes no finding as to pension rights with respect to Anne Gonsalves.
Booth, J.