In the Matter of the Application of MARY JANE KEILY, Appellant, for a Peremptory Mandamus Order against TEACHERS' RETIREMENT BOARD, Respondent.

First Department, May 10, 1929.

*Walter A. Lynch* of counsel [*Hugo I. Epstein* with him on the brief; *McManus, Ernst & Ernst*, attorneys], for the appellant.

*J. Joseph Lilly* of counsel [*William E. C. Mayer* with him on the brief; *Arthur J. W. Hilly, Corporation Counsel*], for the respondent.

O'MALLEY, J.   The petitioner, Mary Jane Keily, is the sister of one Emma E. Keily, who, on February 1, 1928, was a " present-teacher " in the employ of the board of education of the city of New York and a member in good standing of the Teachers' Retirement Association.   For the purposes of retirement under the Teachers' Retirement Law, Emma E. Keily, had on January 18, 1928, to her credit upwards of twenty-six years of service.   On the latter date she filed with the defendant teachers' retirement board her application for disability retirement.   On February 1, 1928, the medical board of the defendant examined the applicant and certified to the defendant that she was physically incapacitated for the performance of duty and ought to be retired.   Such certificate was filed with the defendant on February 15, 1928.

After the making and filing of such certificate and on February 21, 1928, Emma E. Keily filed with the defendant an election in writing of the benefits of option I, provided for by subdivision O of section 1092 of the Greater New York Charter (Laws of 1901, chap. 466, as amd. by Laws of 1917, chap. 303, and Laws of 1920, chap. 784),* known as the Teachers' Retirement Law, in which she named the petitioner, her sister, as beneficiary.

Subdivision O, option I, provides as follows:

" O. A contributor may at any time file with the board of retire-

---

* Since amd. by Laws of 1929, chap. 514.—[REP.

ment his election to receive on retirement his benefits in a retirement allowance payable throughout life or to receive the actuarial equivalent of his annuity, his pension, or his retirement allowance in a lesser annuity, or a lesser pension, or a lesser retirement allowance, payable throughout life, with the provision that:

" Option I. If he die before he has received in payments the present value of his annuity, his pension, or his retirement allowance, as it was at the time of his retirement, the balance shall be paid to his legal representatives or to such person, having an insurable interest in his life, as he shall nominate by written designation duly acknowledged and filed with the retirement board."

On March 27, 1928, the defendant rejected this application for benefits of option I, and retired the applicant as of February 1, 1928, the date of the certificate of its medical board. Emma E. Keily died on May 15, 1928, without having received or accepted any payments made by the defendant because of her retirement.

The order appealed from was predicated upon the theory that the retirement became effective when the certificate of the defendant's medical board was filed and that the applicant was prevented thereafter from making the election provided for in the section of the charter in question. The applicant, on the other hand, contends that such retirement did not become effective upon the mere making or filing of such certificate with the defendant, but that the action of the defendant board itself was required.

The decision below is sought to be sustained because of certain language found in *Rees* v. *Teachers' Retirement Board* (247 N. Y. 372), where the court said when dealing with disability retirement (p. 375): " The provisions as to retirement come at the end of the section. They are largely self-executory. * * * If retirement comes because of disability the Board has no discretion. It must retire the teacher upon the certificate of the medical board (L, 1)."

We do not think that the Court of Appeals in its language quoted intended to hold that retirement takes effect as of the date of the certificate of the medical board, and that under the situation here presented, nothing remained to be done to make retirement complete. The question here presented was not before the court in the *Rees* case. The plain purport of the charter is that the defendant board exercises the retiring functions and until the decision in the *Rees* case, such was the common acceptation by the city officials. The statute itself (Greater N. Y. Charter, § 1092, subd. L, ¶ 1, as amd. by Laws of 1917, chap. 303) provides that in the case of disability retirement, " the retirement board shall retire " the applicant. The *Rees* case also said: " It [the retirement board] must retire the teacher * * *." If in the

case of disability retirement such retirement should take effect as of the date of the giving of the certificate by the medical board, it would have been quite simple to have expressly so provided. Such specific provision is found in subdivision K of the same section (as amd. by Laws of 1917, chap. 303), whereby retirement for service becomes effective as of the date specified in the application without formal action by the board. (*Matter of Spanhake* v. *Teachers' Retirement Board*, 224 App. Div. 75; affd., 249 N. Y. 605.) Under disability retirement all that the medical board does is to certify that the applicant " ought to be retired." The defendant board itself is the body which is directed actually to retire the applicant.

It follows, therefore, that the order appealed from should be reversed, with ten dollars costs and disbursements, and that a peremptory order of mandamus should issue directing the teachers' retirement board to pay to the petitioner herein the correct amount of the interest of a retirement allowance in the case of Emma E. Keily, deceased, pursuant to the statute in question.

FINCH and McAVOY, JJ., concur; DOWLING, P. J., and MERRELL, J., dissent.

Order reversed, with ten dollars costs and disbursements, and a peremptory order of mandamus granted directing the teachers' retirement board to pay to the petitioner the correct amount of the interest of a retirement allowance in the case of Emma E. Keily, deceased, pursuant to the statute in question.