## HEFFERNAN v STATE ex HOLLOWAY

Ohio Appeals, 9th Dist, Summit Co
No 1892.  Decided Jan 16, 1931

A. B. Underwood, M. E. Snyder, and A. S. Greenbaum, all of Akron, for Heffernan.

C. T. Moore, Cuyahoga Falls, and Musser, Kimber & Huffman, Akron, for Holloway.

WASHBURN, J.

Within the meaning of said rule, when does a policeman die in actual service?  Is it only when he dies in the performance of his duty?  Is it within the rule if he dies from heart failure while walking his beat, and not within the rule if he dies from heart failure while walking along the street after his duties for the day have been performed?

There is no provision in this or any other rule of the board which makes the right to a pension under Rule 19 depend upon whether death is caused by the service rendered or that the death be in any way the result of the service rendered; all that is required is that he die while in "actual service."

The rules of the police department require a policeman to devote all of his time to the service; of necessity he is allotted certain periods for rest and recuperation, during which time he is off duty but he is subject to call at all times; during the time allotted for resting so as to be able to return to duty, is he not in actual service within the meaning of said Rule 19?

After careful consideration, we are of the opinion that the trial court was right in holding that said decedent was in actual service. Any other construction of the language used would limit pensions to cases of death of a policeman while in the performance of duty; and as death from natural causes almost never occurs while on duty, pensions would in most cases be confined to cases of death by violence—cases where death was the result of the service: if it had been the intention of those who made said rules to so limit the benefits from said fund, it would have been easy to have used language clearly indicating said intention, such as "while in the performance of his official duty.' In other rules where such limitation was intended, such language is used, and the failure to use such language in Rule 19 indicates an intention not to confine pensions to cases of death while in the performance of duty, and we think that the general object and purpose of the rules as a whole indicates such intention, and that, within the meaning of Rule 19, a duly appointed and qualified policeman who regularly works during recurring duty hours is in actual service while off duty during the regularly recurring rest hours provided for by the rules and regulations of the police department.

Therefore, the policeman in question in this case died while in actual service, and the beneficiary has a right to the pension, unless the fact that such policeman was engaged in unlawful and criminal conduct at the time he was shot, operates in some manner to deprive her of that right.

As to that, it is claimed that when such policeman engaged in such conduct, he ipso facto ceased to be a policeman.

With that contention we do not agree; he was a policeman until his relation to the department was terminated, either by death or in accordance with the rules of the department.

It is further contended that the object of the police pension law is to promote the efficiency of the service, and that such object would be defeated by the granting of a pension to the child of a policeman who was killed while engaged in criminal conduct or violating the laws which it was his sworn duty to uphold, and that those who adopted said rules never intended such result.

We are not permitted to determine the intention of the framers of the rules by our idea of what the rules ought to be; their intention must be ascertained from a consideration of the language used in Rule 19, in connection with the provisions of the other rules adopted by them. It seems to us that the words "actual service" in the phrase "died while in actual service," are descriptive of a period of time, and do not refer to what the policeman is doing at the time of death; cause of death is not made a factor, and we find nothing to indicate an intention to make the pension provided for in Rule 19 depend upon the conduct, whether lawful or criminal, of the policeman who dies while in actual service.

In another rule it is provided that the right of a policeman to a pension shall be forfeited if he is injured while playing football, or while engaged in prize fighting, automobile racing, etc.; but no similar provision is made for forfeiture of the right to a pension under Rule 19. It may be readily granted that the rules should contain such provision, but the court cannot amend the rules or by interpretation supply an omission made by those who adopted the rules. The board has power to amend and perfect its rules, but until that is done, the court must enforce them as they are.

FUNK, PJ, and PARDEE, J, concur.