In the Matter of JEANNETTE LEVY, Appellant, against THE NEW YORK CITY TEACHERS' RETIREMENT BOARD, Respondent.

First Department, November 13, 1942.

*Cornelius J. Smyth* and *Aaron H. Shaffer* for appellant.

*William C. Chanler, Corporation Counsel* (*Henry J. Shields* and *Nicholas Bucci* of counsel), for respondent.

COHN, J. Petitioner was a public school teacher in the city of New York. She was a member of the Teachers' Retirement System from the time of its establishment in 1917. Under the teachers' retirement statute, petitioner when retired had the right to choose the manner in which her retirement allowance should be paid. This choice included a selection of the maximum allowance to be paid during petitioner's own life, or one of three options under any one of which she would receive a reduced allowance during her lifetime with payment of a certain amount thereafter to a beneficiary to be selected by petitioner. (Title B of ch. 20 of the Administrative Code of the City of New York; § B20–40.0.)

On January 26, 1942, the Board of Education of the City of New York adopted a resolution requesting that respondent, the New York City Teachers' Retirement Board, retire petitioner for disability. A physician attached to the medical staff of the Retirement Board on March 28, 1942, examined petitioner and thereafter reported to respondent that petitioner ought to be retired. Acting upon that recommendation, respondent on April 28, 1942, retired petitioner for disability. This procedure followed the statutory requirements. (Administrative Code, § B20–42.0.)

The order of retirement granted petitioner maximum retirement allowances without any optional modification. Petitioner claims, however, that she sent to respondent on forms furnished by respondent, her selection of Option No. 1 duly executed as prescribed by statute. (Administrative Code, § B20–46.0.) This

option, which she contends was lawfully and seasonably exercised by her, would require payment to her legal representative or such person as she might nominate, of any balance left at her death after regular payments of her pension during the period of her retirement. Admittedly the application for disability retirement with the request for the selection of Optional Benefit No. 1 was received by respondent at 10:23 A. M. on April 28, 1942, the date of respondent's meeting. The selection thus made was rejected by respondent upon the ground that it had come too late. Instead she was retired upon maximum retirement allowance without optional modification.

The question presented is whether petitioner had filed her selection of Option No. 1 within the time permitted therefor by statute.

We think that petitioner made a valid selection of Option No. 1 before her enforced retirement for disability. The statute governing retirement for disability provides as follows: "§ B20-42.0 RETIREMENT; FOR DISABILITY.— Upon the application of the head of the department in which a contributor is employed, or upon the application of such contributor or of one acting in his behalf, such board shall retire such contributor for disability, provided the medical board, after a medical examination of such contributor made by the medical board or by a physician or physicians designated by the medical board under rules and regulations for such designation prescribed by the retirement board, at the place of residence of such contributor or at a place mutually agreed upon, shall certify to such board that such contributor is physically or mentally incapacitated for the performance of duty and that such contributor ought to be retired, and, provided further, that such contributor has had ten or more years of city-service."

The right to a modification of the retirement allowance by selection of an optional benefit is governed by section B20-46.0 of the Administrative Code which provides that "A contributor may at any time file with such board [the Retirement Board] his election to receive on retirement" one of the four optional forms of payment provided for in that section. Petitioner was a contributor and member of the Teachers' Retirement System up to the date of her retirement. (Administrative Code, § B20-1.0) She was not retired until respondent on April 28, 1942, adopted a resolution to that effect following the recommendation of the medical board. (Administrative Code, § B20-42.0.) Up to such time as she was actually retired by the resolution, petitioner as a contributor of the retirement system had the right to choose

an optional benefit. The act which changes the status of the contributor from active service to that of a retired member is the resolution of the Retirement Board. Until such action is taken the contributor cannot be deemed retired though his right to retire may have matured and may be enforced at law. (*Matter of Keily* v. *Teachers' Retirement Board*, 226 App. Div. 99; *Matter of O'Brien* v. *N. Y. State Teachers R. Board*, 215 App. Div. 220; affd., 244 N. Y. 530.)

Respondent urges, however, that the language of section B20–40.0, subd. e, of the Administrative Code alone controls. That provides as follows: ''In case of disability retirement, the effective date of retirement shall be the date of the medical examination or such other date within thirty days subsequent to the medical examination as shall be mutually agreed upon by the contributor and such board.'' As the date of petitioner's medical examination was had on March 28, 1942, the last day upon which she might exercise an option benefit, respondent asserts, would be April 27, 1942.

We are unable to agree with this contention. We think that full effect must also be given to that section of the Administrative Code which gives a contributor the right at any time to file an election to receive an optional payment upon retirement as provided in the statute. (Administrative Code, § B20–46.0.) Petitioner remained a contributor of the Teachers' Retirement System until she was actually retired by respondent on April 28, 1942. She was privileged to exercise her election as a contributor at any time before such retirement. Respondent does not claim that the selection made by petitioner as indicated in the letter which she had transmitted, was not in fact received before respondent had actually adopted the resolution retiring her. The two relevant sections must be read together. Petitioner by the provisions of the two sections involved had the right to exercise her optional benefits as follows: (1) on the date of the medical examination (2) within thirty days subsequent thereto or (3) at any time before she was actually retired by resolution of the New York City Teachers' Retirement Board.

The question involved in this case was passed upon by this court in *Matter of Keily* v. *Teachers' Retirement Board*, (*supra*). There, in construing subdivision L of section 1092 of the old Greater New York Charter, now section B20–42.0 of the Administrative Code, it was held that the retirement of a public school teacher does not become effective until appropriate action is taken by the Teachers' Retirement Board, and that ''all that

the medical board does is to certify that the applicant 'ought to be retired.' ''

The interpretation of section B20–46.0 which respondent urges would operate so as to discriminate against teachers who are involuntarily retired. One who voluntarily retires is free not only to fix the date of his retirement but he may also make a deliberate choice of the kind of retirement benefits best suited to his particular requirements. On the other hand, a teacher, like petitioner, who is to be involuntarily retired for disability, is visited by a doctor of the medical board and, if the doctor recommends that such teacher ought to be retired, the effective date of retirement, according to respondent's view, would be limited to the date of such examination or thirty days thereafter. To so restrict the period of selection is to ignore the fact that a teacher remains a contributor up to the time that the order of retirement is duly made by the Retirement Board. While the resolution of retirement may operate *nunc pro tunc* for the purpose of computing installment allowances to be paid, such subsequent action of the Retirement Board may not invalidate a prior selection of an option made while a teacher has the status of a contributor.

For the foregoing reasons, the order should be reversed with twenty dollars costs and disbursements and the prayer of petitioner should be granted.

MARTIN, P. J. (dissenting). Section B20–40.0, subd. (e), of the Administrative Code in unambiguous language fixes the effective date controlling voluntary and obligatory retirements. The provision as to obligatory retirement for disability effects no hardship on one compelled to retire. After the date of the medical examination, a period of thirty days is allowed during which the member obliged to retire may elect as to form of retirement allowance. Thirty days is a reasonable period. In this particular instance, the petitioner had ample notice that she would be retired on the maximum retirement allowance unless she elected otherwise. She failed to do so within the thirty-day period and lost the right to select a retirement allowance under Option No. 1.

The order appealed from should be affirmed.

GLENNON and CALLAHAN, JJ., concur with COHN, J.; MARTIN, P. J., dissents in opinion in which TOWNLEY, J. concurs.

Order reversed with twenty dollars costs and disbursements and the motion granted. Settle order on notice.