## STATE EX REL. PATRICK KIRBY *v.* BOARD OF FIRE COMMISSIONERS OF THE CITY OF HARTFORD.

MALTBIE, C. J., JENNINGS, ELLS, DICKENSON and INGLIS, Js.

Argued October 7—decided November 23, 1942.

*Frank A. Murphy,* with whom, on the brief, were *Harold Borden* and *Vincent W. Dennis,* for the appellant (defendant).

*Joseph B. Griffin,* with whom, on the brief, was *Louis M. Schatz,* for the appellee (plaintiff).

INGLIS, J. The charter of the city of Hartford as amended by the General Assembly in 1921 (18 Spec. Laws 491, No. 170) establishes a firemen's relief fund and provides that the board of fire commissioners shall permanently retire any member of the fire department of the city upon his written request after twenty-five years of service in the department. The full text of the section relating to such retirement in effect in 1940 (23 Spec. Laws 146, No. 208) and applicable to this case is printed in the footnote.[1] In 1923, an amendment to the original act was passed (19 Spec. Laws 105, No. 110), and is still in effect, which reads as

---

[1] The board of fire commissioners shall permanently retire any member of the fire department, upon the written request of such member, when such member has performed twenty-five years of service in the department. Said period of twenty-five years shall include substitute firemen service if such substitute work is actually performed in the line of duty as a fireman. Said board of fire commissioners shall permanently retire any member of the fire department when such member shall reach the age of sixty-five years or is of the age of sixty-five years or over. The pay of any member of the department upon such retirement by said board of fire commissioners, shall be from said relief fund, not to exceed one-half the yearly compensation received by such member at the time of retirement. In the event of the death of a retired member, his widow, while unmarried, shall receive not more than one-half of the yearly compensation received by such retired member at the time of his death. If any member shall marry after being retired and

follows: "The term 'member of the fire department' as used in an act amending the charter of the city of Hartford, concerning the firemen's relief fund, approved April 28, 1921, shall be construed to include all regular male employees of the fire department of the city of Hartford which are under the jurisdiction of the board of fire commissioners of said city."

The plaintiff became a substitute fireman in 1908 and a regular fireman about a year later, and served as a regular fireman continuously until the happening of the events hereinafter set forth. During that period of service he paid all dues and assessments required of him as a member of the relief fund. On December 16, 1940, he was suspended by the chief of the department because of the fact that criminal charges had been preferred against him, and that suspension was promptly reported to the board of fire commissioners as provided by the rules of the department. Under those rules, the chief may suspend but may not discharge a member of the department, and when such a suspension occurs the matter is referred to the rules and discipline committee of the board for consideration or investigation. That committee, if the offense is a minor one, may discipline the member, but if the offense is serious it must report its findings to the whole board, which may act. Under those rules also, no member of the department against whom charges are pending may resign, and during any period of suspension the suspended member is under the control and jurisdiction of the board of fire commissioners.

On January 8, 1941, the plaintiff addressed a communication to the board of fire commissioners requesting his retirement. That board met on January 9,

placed on the relief fund, neither his widow nor his children by such marriage shall, upon his death, participate in, or be entitled to any of, the benefits accruing from said relief fund.

1941, and again on March 14, 1941, without taking any action on his application for retirement. At its meeting on April 7, 1941, the plaintiff having been convicted of a portion of the criminal charges, the board dismissed him from membership in the department and referred his request for retirement to the board of trustees of the firemen's relief fund with the recommendation that it be denied. On June 19, 1941, the latter board tabled the application and thereafter this action was instituted.

The firemen's relief fund is made up in part of assessments made upon members of the department of 1 per cent of their salaries, in part of fines imposed on members of the department, in part of gifts and in part of monies appropriated from the general treasury of the city of Hartford. There is no rule or regulation expressly denying the benefits of the fund to any member either because he is suspended or because he is dismissed from the department. The only express provision for the forfeiture of a member's right to the benefits of the firemen's relief fund is the provision of the act itself that "Any member of the fire department who shall neglect or refuse to pay whatever assessments may be laid by said board of trustees shall not be entitled to any benefits from said fund."

The question on this appeal is whether on these facts the lower court erred in holding that the plaintiff was entitled as a matter of right to retirement and such retirement pay as the act provided or whether the board of fire commissioners and the board of trustees of the fund have the discretion to refuse such retirement.

The decision of the question whether the plaintiff was entitled to retirement turns very largely on the effect of his suspension from duty while under charges. The argument of the defendants is based on the rea-

soning found in the majority opinion in *People ex rel. Hardy* v. *Greene,* 87 App. Div. 589, 591, 84 N. Y. S. 673, a three to two decision. The gist of that reasoning, on facts quite similar to those involved in the present case, is that "The pension roll is a roll of honor—a reward of merit . . . and it would be an absurd construction of the language creating it to hold that the intention of the Legislature was to give a life annuity to persons who on their merits, as distinguished from mere time of service, might be dismissed from the force for misbehavior. . . . such suspension naturally and necessarily carried with it for the time being suspension from the enjoyment of the privileges as well as from the performance of the duties incident to the position." The suggestion in this opinion that suspension carries with it a suspension of the right to retirement under the retirement law is contrary to the later decision of the New York Court of Appeals in *Reidy* v. *City of New York,* 185 N. Y. 141, 77 N. E. 1011.

In the present case, the record does not disclose just what the suspension of the plaintiff by the chief entailed. No details of the order of suspension are set forth. Nor does the finding incorporate any general regulations of the fire department defining suspension. It is to be presumed therefore that the order of suspension was the usual one and suspended the plaintiff only from duty and deprived him of his pay. This would mean simply that temporarily he was prevented from rendering services as a member of the department and from receiving his pay rather than that he was even temporarily deprived of all his rights and privileges as a member of the department. He still continued to be a member of the department. *Bois* v. *Mayor of Fall River,* 257 Mass. 471, 472, 154 N. E. 270; *State ex rel. Wendling* v. *Board of Police & Fire*

*Commissioners,* 159 Wis. 295, 297, 150 N. W. 493. The mere suspension in and of itself could not deprive him even temporarily of his right of retirement.

As regards the other contention, that the legislature could not have intended that a man under charges of serious misconduct could retire and be placed on the "roll of honor," that is a matter involving the interpretation of the particular charter provision which is now before us. We have frequently said that where a statute is plain and unambiguous in its terms this court is not concerned with the wisdom or unwisdom of the legislation nor with the recognition of equities which contravene such wording. *Hutchison* v. *Hartford,* 129 Conn. 329, 333, 27 Atl. (2d) 803, *McPadden* v. *Morris,* 126 Conn. 654, 658, 13 Atl. (2d) 679, *State* v. *Nelson,* 126 Conn. 412, 416, 11 Atl. (2d) 856, *Wilcox* v. *Bliss,* 116 Conn. 329, 332, 164 Atl. 659.

The wording of the act here is plain and certain. It provides that the board of fire commissioners shall retire "any member" of the fire department; and it defines a member of the department as including "all regular male employees of the fire department . . . which are under the jurisdiction of the board of fire commissioners of said city." These provisions do not except from membership in the department men who are employees but who are under suspension upon charges of misconduct. The wording precludes the reading into the act of any such exception. *In re Gifford,* 192 Wash. 562, 74 Pac. (2d) 475; *Heffernan* v. *State,* 38 Ohio App. 552, 177 N. E. 43; *State ex rel. Bederski* v. *Pension Board,* 4 N. J. Misc. 637, 134 Atl. 90; affirmed, 104 N. J. L. 163, 138 Atl. 918.

This conclusion is strengthened by a reference to the history of the legislation. When the provision for mandatory retirement was first put into the Hartford Firemen's Relief Fund Act in 1911 the requirement for

retirement was stated to be thirty years of "continuous and meritorious service." (16 Spec. Laws 89, § 5). This requirement of continuous and meritorious service remained in the act through various revisions until 1933. In that year the act was amended so that the requirement was twenty-five years of "continuous, permanent service." (21 Spec. Laws 1117, § 2). In other words, at that time the requirement that the service be "meritorious" was eliminated from the act. It has never been restored. The legislature having made that change in the phraseology of the act, it cannot well be contended that it was intended that there should be read into the act now an exception to the effect that members of the department should be excluded from its benefits simply because their conduct had not been meritorious.

The act does provide one circumstance under which a member of the department may lose his right to retirement. That is in the event that he has failed to pay his dues and assessments to the fund. If the legislature had intended that such right might also be lost or suspended by reason of the misconduct of a member or by reason of his being suspended or under charges it would have been easy and natural for it so to provide expressly.

At the time the plaintiff made his application for retirement he was still an employee of the fire department of the city of Hartford. He was still under the jurisdiction of the board of fire commissioners. They could have ordered him to report for duty at any time and he would have been obliged to obey. As a matter of fact, under the regulations preventing the resignation of a man while under charges it would have been impossible for him to escape from the "jurisdiction" of that board. It follows that he was at that time a member of the department and having been a member

for more than twenty-five years he was eligible for retirement under the act.

The defendants further contend that the plaintiff had no vested right to retirement but that his retirement lay in the discretion of the board. It may be true that under retirement acts generally even where the person eligible for retirement has contributed by way of dues or assessments to make up the retirement fund he has no vested right to retirement. That does not mean, however, that a charter provision granting retirement rights may be overridden by a municipal board so as to deprive an employee of his right to retirement as fixed by the charter. *Matter of Eberle* v. *LaGuardia*, 285 N. Y. 247, 253, 33 N. E. (2d) 692.

The argument that the retirement of the plaintiff rested in the discretion of the board is based upon the fact that other sections of the act may be interpreted in such manner that the board of trustees of the fund are to have discretion in granting certain pensions. For instance, as regards men injured in the performance of duty the board "may appropriate and cause to be paid such sums and at such times as they may deem advisable." (21 Spec. Laws 1116, § 1). And again there is a provision (p. 1117, § 3) that if a member is killed in the performance of his duty the board may vote compensation to his widow or dependents "for such periods as said board of trustees shall direct." Granting that the board does have discretion in such matters, it does not follow that it has discretion as to the retirement of a member of the department after twenty-five years of service. On the contrary, the provision as to such retirement is that the board of fire commissioners "shall permanently retire" such a member, and if the legislature had intended that such retirement was to be at the discretion of the board it would have used permissive language such as it did

with reference to members of the department injured or killed in the performance of their duty.

There is no error.

In this opinion the other judges concurred.