STATE EX REL HAROLD HERBERT v. MARTIN C. RYAN
STATE EX REL. WILLIAM J. LYNCH v. GEORGE BILLINGS
STATE EX REL. THOMAS RILEY v. PAUL F. HAYES

SUPERIOR COURT      FAIRFIELD COUNTY      FILE No. 80014

Memorandum filed August 3, 1949.

*Frank Rich,* of Stamford, for the Plaintiff.

*George Wise,* of Stamford, for the Defendants.

QUINLAN, J. Three cases with identical questions came to me on quo warranto in chambers week and were heard by the court because of the public emergency. They involve police officers of the city of Stamford.

On or before April 12, 1949, Captain Martin C. Ryan, Captain of Detectives George Billings, and Detective Sergeant Paul F. Hayes, all of the police department of the city of Stamford, applied, in writing, to the board of trustees of the police department of the city of Stamford to be retired as such officers from active duty and to be placed on the retired list. These applications were made under the provisions of § 64 of the charter of the city of Stamford (1935), which provides in part as follows: "Said Board of Trustees may, of its own volition, by a majority vote, and shall, at the request of any officer of said police . . . department, or of any member of the regular police . . . force or the veteran reserve, who shall have served in said police . . . department continuously for a period of twenty-five years or more, exclusive of time served as a supernumerary or special policeman . . . retire such officer or member to the retired list. Thereafter such retired officer shall be entitled to receive from said fund, during his life, an annual sum, to be fixed by said board of trustees, payable monthly, equal to one-half of his pay at the time of his retirement."

Said board of trustees, acting under the provisions of this section of the charter, retired said officers to the retired list. Thereafter a special meeting of the appropriating board of the city of Stamford was called for April 12, 1949, at 8 p. m. Resolutions to confirm and approve the action of the board of trustees in retiring Captain Ryan, Captain Billings and Detective Sergeant Hayes were defeated by the appropriating board. Section 64A of the charter provides that no action taken by the board of trustees of the police pension fund under the above § 64 of the charter shall be effective until approved by the appropriating board of the city of Stamford by a vote of at least eight members thereof.

After the appropriating board refused to confirm or approve the action of the board of trustees, the board of public safety, which is authorized to make all appointments to the police force, appointed the plaintiffs to the positions of the retiring officers. All of the plaintiffs were sworn in and given certificates of their appointment on April 14, 1949, and for the remainder of that

day and during all of the day on April 15, 1949, they performed the duties of the offices to which they had been appointed by the board of public safety. On the morning of April 16, 1949, the plaintiffs were ordered to go back to their old positions by Chief Brennan, who was directed to issue such order by Mayor Barrett. The plaintiffs have complied with the orders of Chief Brennan and have returned to their old positions although they did report to him for a couple of days offering to perform the duties of the new offices to which they had been appointed.

The plaintiffs invoke the aid of quo warranto to determine their rights respectively to the offices to which they were appointed. Quo warranto proceedings will not lie to determine one's right or title to a position which is not a legally authorized and constituted public office as distinguished from a mere employment or agency. *State ex rel. Neal* v. *Brethauer,* 83 Conn. 143.

A policeman is a public officer and does not hold a contract of service. *McDonald* v. *New Haven,* 94 Conn. 403; *Lake* v. *Bridgeport,* 102 Conn. 337. When the board of safety came into being it had the appointment of police but was prohibited from abolishing any office in the police department during the incumbency of any appointee. Charter, City of Stamford (1935) § 45.

The main question argued, and as I see it, with the limited opportunity, as I warned counsel, the exigencies of my other work would permit, revolves about § 64 of the charter which appeared in the charter of 1933 and § 64A which first appeared in the 1935 charter. These two sections have to do with retirement on pension on twenty-five years service. Section 64 provides for retirement by the board of trustees, and for voluntary retirement. Upon the action of the board, it is a permissible and discretionary matter. Upon the request of an officer it is mandatory. Under the special laws of 1919 (18 Spec. Laws 207, § 5), authority was given by the legislature for the appointment of a police captain. Under special laws, 1921 (18 Spec. Laws 1028, § 1), the common council has authority to create such new offices in the police or fire department as it may deem advisable.

In the time and day of the foregoing authorizations, appointment was made of a captain of police and the offices of captain and sergeant of detectives were created and appointments made. My attention has not been called to any charter requirement that this be done by ordinance. *Sullivan* v. *Mortensen,* 132 Conn. 289.

By the charters of 1933 and 1935, the membership and organization of the police department remained as constituted. Even in the vote required the charter makes a distinction in § 64. When the retirement is involuntary it is provided that it must be accomplished by a majority vote. When the retirement is voluntary no provision is made for a vote, but the board must do so

We then proceed to § 64A, wherein it is provided that no action taken under § 64 shall be effective until approved by the appropriating board by a vote of at least eight members thereof. There is then added what seems to be significant language as a matter of interpretation in the light of decisions here and elsewhere. Section 64A continues by saying "only after written notice of at least three days has been given to the policeman . . . involved." There would be no necessity to give notice to a man who had voluntarily retired.

I am aware that ordinarily there is no vested right to retirement, but as our court has said in *State ex rel. Kirby* v. *Board of Fire Commissioners,* 129 Conn. 419, 426, "That does not mean, however, that a charter provision granting retirement rights may be overridden by a municipal board so as to deprive an employee of his right to retirement as fixed by the charter," citing *Matter of Eberle* v. *LaGuardia,* 285 N. Y. 247, 253; and on page 251 in the latter case it is said "Where the statutory conditions for retirement have been met those rights become vested and payment of the pension cannot be withheld in the absence of fault or delinquency at the mere whim of any administrative officer or body. (*Rees* v. *Teachers' Retirement Board,* 247 N. Y. 372)." The provisions of the retirement are largely self executing, so my conclusion is that these men must be retired on their respective requests. Of similar import to the authorities already quoted is the case of *Groton & Stonington Traction Co.* v. *Groton,* 115 Conn. 151, 160, to the effect that a board cannot disable a town from performing a duty imposed upon it by statute, and of even closer and more recent application is the case of *Board of Education of Stamford* v. *Board of Finance,* 127 Conn. 345, 350.

There was a vacancy in the offices held by George Billings, captain of detectives, that of Paul F. Hayes, detective sergeant and Martin C. Ryan, captain of police, by reason of their request for a retirement and the action of the board of trustees thereon, and judgment of ouster may enter against them respectively, with costs to the prevailing parties.