In the Matter of ALONZO O. BRISCOE et al., Petitioners, against TEACHERS' RETIREMENT BOARD OF THE CITY OF NEW YORK et al., Respondents.

Supreme Court, Special Term, New York County, February 16, 1954.

*Leonard M. Wallstein* and *Leonard M. Wallstein, Jr.*, for petitioners.

*Adrian P. Burke, Corporation Counsel (W. Bernard Richland* and *Pauline K. Berger* of counsel), for respondents.

*Harold F. Berg* for High School Teachers' Association, *amicus curiæ.*

SCHREIBER, J. This is a motion by a teacher-member of respondent, teachers' retirement board, and by a retired teacher who is a beneficiary of the teachers' retirement system, to restrain the board from signing and issuing warrants for the payment of administrative salaries and expenses from the expense fund of the system and to restrain Lawrence E. Gerosa, comptroller of the City of New York, from making payments from said expense fund for administrative salaries and expenses. The basis of the motion is that the board has been without a chairman since the term of office of Lazarus Joseph as city comptroller expired on December 31, 1953, and that payments from the expense fund may not be legally made without warrants signed by the board's chairman (Administrative Code of City of New York, § B20–34.0).

The retirement board consists of the president of the board of education, the comptroller, two members appointed by the Mayor and three teacher-members. Section B20–11.0 of the Administrative Code provides that the concurrence of the comptroller or of one member appointed by the Mayor, of a member elected by the retirement association (i.e., a teacher-member) and of at least two other members shall be necessary for a decision of the board. Section B20–8.0 of the code provides that " The retirement board shall elect *from its mem-*

*bership* a chairman, and shall appoint a secretary and an actuary." (Emphasis supplied.) The by-laws of the board require the election, at each annual meeting, of a chairman " who shall serve until his successor is elected " (§ 1, art. 3). Payments from the expense fund "shall be made by the comptroller *upon a warrant signed by the chairman* and countersigned by the secretary of the retirement board " (Administrative Code, § B20–34.0). (Emphasis supplied.)

Prior to December 31, 1953, the board had elected as its chairman Lazarus Joseph, then a member of the board ex officio by virtue of his being comptroller of the city. No chairman has been elected since Mr. Joseph ceased to be comptroller.

Petitioners contend that although Lawrence E. Gerosa, who succeeded Mr. Joseph as comptroller, automatically succeeded Mr. Joseph *as a member* of the board, he did not succeed Mr. Joseph *as chairman*. Respondents, on the other hand, although they admit that no successor chairman has been elected, take the position that Mr. Gerosa is entitled to act as chairman of the board until a new chairman is elected, by virtue of the by-law provision that the chairman " shall serve until his successor is elected ". Respondents maintain that this language means that if the chairman of the board happens to be comptroller of the city and the termination of his comptrollership renders him ineligible to continue as a member of the board or as its chairman, his successor as comptroller of the city is entitled to serve as chairman of the board until some one else is elected as chairman.

The court is unable to agree with the respondents' claim that the by-law provision that the chairman shall serve until his successor is elected entitles the new comptroller of the city, who was never elected chairman, to become chairman and act as such merely because the previous chairman was his predecessor in the office of comptroller. The respondents' position necessarily assumes that when the board elected Lazarus Joseph as its chairman, it did not elect him as an individual who happened to be comptroller at the time, but rather elected him in his status as comptroller. This assumption is, however, fallacious. As the court said in *Rees* v. *Teachers' Retirement Bd. of City of N. Y.* (130 Misc. 442, 448, affd. 247 N. Y. 372): " The fact that the comptroller took an oath of office as comptroller and that he must take a further oath as member of the retirement board, seems to indicate to me that, when he was functioning as a member of the retirement board, he was not functioning as comptroller." It is important to note that there

is no requirement that the board elect its comptroller-member as its chairman. On the contrary any of the seven members of the board may be elected chairman and, in the past, the board has elected chairmen who did not occupy the office of comptroller of the city. It seems clear, therefore, that when the board happens to elect the then city comptroller, rather than one of its other members, as its chairman, it does so not because of his office but because the members prefer him, *as an individual*, to the other members for the chairmanship. As petitioners' brief well puts it: " The statutory provision for *ex officio* membership of the Comptroller on the board is not paralleled by any statutory provision for any *ex officio* chairmanship of the board." If respondents' contention were correct, once a chairman was elected who happened to be comptroller at the time, successor comptrollers, whoever they might be, would have the right to serve as chairmen of the board until and unless the other members were able to agree upon and elect a successor. A similar situation would obtain if the president of the board of education, also an ex officio member of the board, were elected chairman and should subsequently be succeeded in his presidency of the board of education by another.

In the court's opinion the provisions of the Administrative Code were not intended to produce any such result and thus to deprive the teacher-members of the board of the benefit of the statutory requirement that the concurrence of at least one teacher-member of the board shall be necessary for any decision of the board (Administrative Code, § B20–11.0), which includes the election of a chairman (*Rees* v. *Teachers' Retirement Bd. of City of N. Y.,* 247 N. Y. 372, *supra*). The city-members by freezing successive comptrollers into the chairmanship without an election could effectively deprive the teacher-members, the beneficiaries of the trust, of the veto power which the Legislature intended to give their representatives on the board (see *Rees* v. *Teachers' Retirement Bd. of City of N. Y., supra,* pp. 376–377).

Whatever justification there may be for upholding the past acts of Mr. Gerosa on the theory that he was the *de facto* chairman, there can be none for permitting him to continue to exercise the duties of a chairmanship to which he was never elected. Petitioners do not in this proceeding attack the past acts of Mr. Gerosa. They seek relief only *in futuro*. In their reply brief they state that they " are willing that any order of this court in their favor contain a stay effective until after the next regular monthly meeting of the board."

The motion is accordingly granted, but the order is not to take effect until after the board's next regular monthly meeting. As the teacher-members, according to petitioners' reply brief, are willing to vote for the president of the board of education or any city-member as chairman, no difficulty in electing a chairman is anticipated now that the present comptroller's claim to be entitled to continue as chairman has been rejected as invalid.

Settle order.