DANIEL BURNS ET AL. *v.* MILDRED SEYMOUR, TOWN CLERK OF COLEBROOK, ET AL.

INGLIS, C. J., BALDWIN, O'SULLIVAN, WYNNE and DALY, Js.

Argued June 3—decided June 29, 1954

*Walter M. Pickett, Jr.,* and *William J. Larkin, 2d,* with whom, on the brief, was *William J. Larkin,* for the plaintiffs.

*H. Roger Jones,* for the defendants town of New Hartford et al.

*Edward J. Quinlan, Jr.,* for the defendants town of Colebrook et al.

*Carmine R. Lavieri,* for the defendants Catherine Brown et al.

DALY, J. In this action for a declaratory judgment, the pertinent facts are the following: Pursuant to the provisions of § 298b of the 1951 Cumulative Supplement to the General Statutes (as amended, Cum. Sup. 1953, § 732c), the towns of Barkhamsted, Colebrook, Hartland, Norfolk, Harwinton and New Hartford, during the summer of 1951, appointed members to a temporary regional school planning committee to investigate the advisability of constructing a regional high school. The members met on September 25, 1951, organized as the temporary regional school planning committee of the several towns and, thereafter, reported to the towns. In each of these six towns on March 23, 1953, a referendum vote on the establishment of a regional school district consisting of the six towns, with the recommended school site in the town of Barkhamsted, was had, and a majority of those voting in each town, except in Harwinton and New Hartford, voted Yes. At special

elections held in Barkhamsted, Colebrook, Hartland and Norfolk on May 9, 1953, a referendum vote on the establishment of a regional school district consisting of these four towns, with the recommended site in the town of Barkhamsted, was had, and a majority of those voting in Barkhamsted and Colebrook voted Yes, but in Hartland and Norfolk the voters rejected the proposal. In July, 1953, the towns of Barkhamsted and Colebrook voted to establish a regional school district to be comprised of those two towns. In New Hartford on September 22, 1953, a majority of those participating in a town meeting voted for a resolution to "petition to join the Regional District formed by the Towns of Barkhamsted and Colebrook, provided that: 1. The total original cost of the Regional School shall not exceed the sum of $1800.00 per pupil, based upon the school capacity; and 2. That the Town of New Hartford will have no less representation on the Regional Board of Education than either Barkhamsted or Colebrook, or any other town that may petition to join said Regional District." On September 26, 1953, in Norfolk, a resolution to "apply for admission to the Barkhamsted-Colebrook Regional School District" was adopted. In Hartland, on October 17, 1953, it was voted that the town apply for admission to the district.

On October 31, 1953, in Colebrook, a majority voted in favor of the following proposal: "That Regional School District No. 7, comprising the Towns of Colebrook and Barkhamsted, admit the Towns of Norfolk, Hartland and New Hartford to the district." A like proposal was approved in Barkhamsted on the same date. Neither the town officials nor the inhabitants of the towns of Barkhamsted and Colebrook received official notice of the condi-

tions specified in the application of the town of New Hartford for admission to the district, nor were they informed thereof by the warnings of or ballots used in the special elections held on October 31, 1953, in those two towns. The reservation propounds the questions set forth in the footnote.[1]

The first question to be decided is whether the town of New Hartford was legally and validly admitted to the district. Section 743c of the 1953 Cumulative Supplement provides: "Each town which joins such district shall pay its proportionate share of the cost of capital outlay and current expenditures necessary in the establishment and operation of a regional school or schools until such costs have been paid in full. The proportionate share of indebtedness and current expenditures of the regional school

[1] "1. Was the Town of New Hartford legally and validly admitted to said District and legally incorporated therein?

"2. Was the Town of Norfolk legally and validly admitted to said District and legally incorporated therein?

"3. Was the Town of Hartland legally and validly admitted to said District and legally incorporated therein?

"4. If the Town of New Hartford is determined to be legally and validly admitted to said District and legally incorporated therein, are the conditions contained in the vote of the Town of New Hartford at its meeting of September 22, 1953, and in its application for admission to said District binding on said District, on said Town of New Hartford or on both?

"5. If the answer to any one or more of questions Nos. 1, 2 and 3 is in the negative, then which defendant Towns legally and validly constitute a Regional High School District?

"6. If one or more of defendant Towns are determined not to be validly included in the District, then (a) Will any Town not so included be obligated to reimburse its member of the Regional Board for his or her share of the expenses of this litigation? (b) On what basis is such share of the expenses to be determined for the purpose of reimbursement? (c) If two or more Towns are determined to constitute a valid Regional School District, is such District obliged to bear the entire cost of this litigation of all of the defendant members of the Regional Board, including those members from Town or Towns determined not to be valid member or members of the District?"

district to be paid by each town shall be determined by the regional board, provided any town aggrieved by the determination of said board may appeal. . . ." Section 738c prescribes the manner in which the number of members of a regional board of education shall be determined and the procedure to be followed in appointing them. New Hartford's application, based on its vote of September 22, 1953, to join the district was invalid since it was contingent upon conditions which the town could not legally attach to it. The only authority for any town's application to join a regional school district is that contained in § 742c of the 1953 Cumulative Supplement, which does not include any provision for a conditional application. It provides clearly that any "town adjacent to a regional school district may vote, at a referendum held at any general or special election, to apply for admission to such regional school district." We cannot be influenced by a consideration of the equities of construing a statute or statutes favorably to the admission. We have frequently said that where a statute is plain and unambiguous in its terms this court is not concerned with the recognition of equities which contravene the wording of the statute. *State ex rel. Kirby* v. *Board of Fire Commissioners,* 129 Conn. 419, 424, 29 A.2d 452; *McPadden* v. *Morris,* 126 Conn. 654, 658, 13 A.2d 679; *State* v. *Nelson,* 126 Conn. 412, 416, 11 A.2d 856. The town of New Hartford was not legally and validly admitted to the district and legally incorporated therein.

The second and third questions call for determining whether the towns of Norfolk and Hartland were legally and validly admitted. Section 742c requires that the application of any town to be admitted to a regional school district be submitted to the voters of

the towns already comprising the district, to be acted upon by referendum vote. The single proposal voted upon at each of the special elections held in Barkhamsted and Colebrook on October 31, 1953, provided for admitting the towns of Norfolk, Hartland and New Hartford. Since the voters of the town of New Hartford, by their conditional application, had never petitioned to join in conformity with law, and since the only proposal acted upon at the special elections held in Barkhamsted and Colebrook on October 31, 1953, was to admit all three towns as a group, the towns of Norfolk and Hartland were not legally and validly admitted to the district. However, the towns of Barkhamsted and Colebrook may, by their voters' approval of valid and legal proposals, admit the towns of Norfolk and Hartland to the district. The fourth question requires no answer, since the town of New Hartford was not validly and legally admitted to the district and was not legally incorporated therein. The towns of Barkhamsted and Colebrook legally and validly constitute the district. Prayers for relief contained in the complaint do not ask any adjudication of question six. The answer to it, therefore, is not necessary to guide the trial court in formulating its judgment. On a reservation, this court will not answer questions that are academic. *McDonald* v. *Great Atlantic & Pacific Tea Co.*, 95 Conn. 160, 166, 111 A. 65; *Ingle* v. *Case*, 46 Conn. 240.

Questions 1, 2 and 3 are answered in the negative. The answer to question 5 is "Colebrook and Barkhamsted." Questions 4 and 6 will not be answered.

No costs will be taxed in this court in favor of any party.

In this opinion the other judges concurred.