DANIEL J. BURNS ET AL. *v.* LAURENCE H. ROBERTS ET AL.

SUPERIOR COURT     LITCHFIELD COUNTY     FILE No. 14772

Memorandum filed September 10, 1956.

*Larkin & Pickett,* of Waterbury, for the plaintiffs.

*Elbert G. Manchester,* of Winsted, for the defendant town clerk of New Hartford.

*Jonathan F. Ells,* of Winsted, for the defendant town clerk of Colebrook.

*Edward J. Quinlan,* of Winsted, for the defendant Regional District No. 7.

*Edwin W. Mead,* of Winsted, for the defendant town clerk of Norfolk.

HOUSE, J. This case continues the litigation concerning Regional School District No. 7 which earlier was the subject of a decision of the Supreme Court of Errors in the case of *Burns* v. *Seymour,* 141 Conn. 401. That opinion, which was also in an action for a declaratory judgment, contains a recital of the events and circumstances surrounding the establishment of this regional school district, and it is unnecessary to restate them in this opinion. It is sufficient to note that the towns of Barkhamsted and Colebrook legally constituted a regional school district. The towns of New Hartford, Norfolk and Hartland applied for admission to the district, but the application of New Hartford was contingent upon conditions and the referendum by the member towns to act upon the applications for membership was to admit all three towns as a group.

The opinion of the Supreme Court of Errors in *Burns* v. *Seymour,* supra, 405, clearly indicated that New Hartford's application to join the district "was invalid since it was contingent upon conditions which the town could not legally attach to it." It followed that "[t]he town of New Hartford was not

legally and validly admitted to the district and legally incorporated therein." It further followed that since the referendum in Barkhamsted and Colebrook "was to admit all three towns as a group, the towns of Norfolk and Hartland were not legally and validly admitted to the district. However, the towns of Barkhamsted and Colebrook may, by their voters' approval of valid and legal proposals, admit the towns of Norfolk and Hartland to the district." It is pertinent to note also that the opinion contains this language: "The only authority for any town's application to join a regional school district is that contained in § 742c of the 1953 Cumulative Supplement, which does not include any provision for a conditional application. It provides clearly that any 'town adjacent to a regional school district may vote, at a referendum held at any general or special election, to apply for admission to such regional school district.'" The decision in *Burns* v. *Seymour*, supra, was rendered June 29, 1954.

Thereafter, on July 12, 1954, the towns of Barkhamsted and Colebrook voted favorably on the original unconditional membership application of the town of Norfolk. On October 4, 1954, by a referendum vote, the voters in New Hartford voted against petitioning to join and become a member of the district which was at that time composed of the towns of Barkhamsted, Colebrook and Norfolk. In January, 1955, New Hartford appropriated funds for major alterations to its Bakersville School, which accommodated grades one through eight. Thereafter, in February, 1955, the district by a favorable vote in the three member towns approved a proposal to change the site of the school. The next month, March 16, 1955, a special town meeting in New Hartford voted favorably on the question "Shall the Town of New Hartford petition or make an application to join and become a member of Regional

School District No. 7 seeking admission to said Regional School District No. 7 now formed and established by the Towns of Barkhamsted, Colebrook and Norfolk?" A special referendum on this proposal was held on March 26, 1955, and the vote was 515 in favor and 475 against. Shortly thereafter, the three towns which then comprised the district acted favorably upon the unconditional application from New Hartford.

During the ensuing year the regional board of education for the district engaged an architect to prepare preliminary plans for a school, considered them, and after public hearings in each town in the district approved the plans.

In February, 1956, a referendum was held in each of the four towns (Barkhamsted, Colebrook, Norfolk and New Hartford) on the approval of a bond issue in the amount of $1,600,000 to finance the construction of a regional schoolhouse. In March, another referendum was held for an additional $200,000 bond issue to include an auditorium in the proposed building. Each of these referenda received a majority of votes in favor of the proposal except in the town of New Hartford where in each case a majority was opposed to the proposal.

The present plaintiffs are all residents of the town of New Hartford and "are electors and taxpayers or are married to taxpayers of said town of New Hartford." As originally presented, their complaint requested not only a declaratory judgment "determining whether or not Regional School District No. 7 as purportedly constituted is a valid and legal district under the General Statutes of the State of Connecticut as amended" but relief by way of temporary and permanent injunction. The record indicates that the application for a temporary injunction was withdrawn in open court on August 28,

1956. The next day the application for a temporary injunction was formally withdrawn and the complaint amended. As amended, the same declaratory judgment is requested and permanent injunctions requested in two separate prayers for relief. The pleadings having been closed by the filing of answers by the defendants, at the hearing on the merits the plaintiffs in open court withdrew their claims for a permanent injunction and limited their claims for equitable relief to a prayer that the opinion of the court not be issued prior to a referendum to be held in New Hartford on September 10 to consider a proposal that New Hartford withdraw from the district. As the case was presented, therefore, it was solely for a declaratory judgment determining whether or not the district as constituted is a valid and legal district.

The plaintiffs claim that the district "as purportedly constituted" is not a valid and legal district. Their claim is based upon two contentions, the first involving the circumstances under which Norfolk joined the district and the second those under which New Hartford joined.

### NORFOLK

It is the claim of the plaintiffs that since no new application to join the district was received from the town of Norfolk subsequent to the opinion of the Supreme Court of Errors in the case of *Burns* v. *Seymour,* 141 Conn. 401, there was no legal application to be acted upon by Barkhamsted and Colebrook, which voted July 12, 1954, to accept Norfolk as a member of the district, the vote of those two towns (which at that time constituted the district) being held to act upon an application by Norfolk to join the district which had been authorized by Norfolk prior to the opinion in *Burns* v. *Seymour,* supra.

There is no merit to this contention nor any reason why any new application from Norfolk was necessary. The validity of Norfolk's application has not been attacked. It was admitted on behalf of three of the present plaintiffs (who were also plaintiffs in the case of *Burns* v. *Seymour, supra*) in their brief in the earlier action that Norfolk's pending application for membership was proper. So far as the judgment in *Burns* v. *Seymour, supra,* concerned the town of Norfolk, it was found that the vote admitting Norfolk to membership was improper but only because Norfolk's application was not voted upon individually instead of as one of a group which contained a defective application. In accordance with the opinion in *Burns* v. *Seymour, supra,* the member towns thereupon acted upon Norfolk's application individually and approved it.

Upon the pleadings and facts presented here it must be concluded that no invalidity or illegality attaches to Norfolk's membership in Regional School District No. 7, a proper application for membership in the district having been approved by the towns which comprised the district.

### NEW HARTFORD

Plaintiffs' attack upon the validity of New Hartford's membership in the district is based upon an alleged defect in the proceedings leading up to its admitted de facto membership. The special referendum in 1955 on the proposal that New Hartford join the district was held upon a proposal that that municipality make an application to join the district, at that time consisting of Barkhamsted, Colebrook and Norfolk. The referendum question did not state where the school was to be located nor the grades of school to be accommodated.

Plaintiffs point to § 742c of the 1953 Cumulative Supplement to the General Statutes, which governed

the holding of the 1955 referendum. The first two sentences of that section read as follows: "Any town adjacent to a regional school district may vote, at a referendum held at any general or special election, to apply for admission to such regional school district. If any town applies for admission to a regional school district, the regional board of education of such district shall arrange for a referendum to act upon such application to be held in each of the towns comprising the district in the manner provided in section 737c." Section 737c of the 1953 Cumulative Supplement details the procedure to be followed in the event that two or more towns have followed the preliminary steps for the establishment of a regional school district. The final step in the original establishment of a new district is the holding of referenda in the towns which are joining to establish a new district, and § 737c, in addition to providing for the mechanics of the holding of the referendum, the election officials who shall serve and the qualifications for voting, provides the form of vote to be taken, which form includes a statement of the location of the school and the grades to be accommodated. It is the tenuous argument of the plaintiffs that, since there is an express statutory requirement that in a referendum for the original establishment of a regional school district a statement of the school location and grade accommodation must appear in the referendum question, such a statement must also appear when under the provision of § 742c a referendum is held for a town to join an already established school district. There is no merit whatsoever to plaintiffs' contention.

As a matter of statutory construction, the first sentence of § 742c is clear and unambiguous. Words used in a statute are to be interpreted in their natural and usual meanings. *Finoia* v. *Winchester Repeating Arms Co.*, 130 Conn. 381, 384; *Hartford* v.

*Suffield,* 137 Conn. 341, 343. Where the language is plain, the court will not speculate as to any supposed intention. *State ex rel. Board of Education* v. *D'Aulisa,* 133 Conn. 414, 422; *Old Colony Gardens, Inc.* v. *Cheney,* 136 Conn. 18, 20; *Jack* v. *Torrant,* 136 Conn. 414, 418. "There is no more elementary rule of statutory construction than that the intention which the legislature has expressed must govern. *Stamford* v. *Stamford,* 107 Conn. 596, 605. . . . That intention is to be determined primarily from the language used in the statute. *Lee Bros. Furniture Co.* v. *Cram,* 63 Conn. 433, 438 . . . . If the statute is clear, there is no room for construction." *State ex rel. Rourke* v. *Barbieri,* 139 Conn. 203, 207.

As the Supreme Court of Errors expressly stated in *Burns* v. *Seymour,* 141 Conn. 401, 405, "[t]he only authority for any town's application to join a regional school district is that contained in § 742c of the 1953 Cumulative Supplement, which does not include any provision for a conditional application. It provides clearly that any 'town adjacent to a regional school district may vote, at a referendum held at any general or special election, to apply for admission to such regional school district.'" It may be noted that there is a very logical and substantial distinction between referenda about the establishment of a new district and about an adjacent town joining an already established district, in which latter case the location of the school and grades to be accommodated have already been determined.

Contrary, also, to the plaintiffs' claim that the court should draw some inference that the General Assembly intended that the information requirement of § 737c be included in a referendum held under the provisions of § 742c is the legislative history of § 742c. It is unnecessary at this point to do more than indicate that the first sentence of § 742c

previously stood alone as a separate section. Cum. Sup. 1951, § 306b. When it was amended to read as it does in § 742c by the addition of provisions for the holding of referenda, not only is there no express provision for the form of the vote to be taken but § 737c is referred to in the requirement that the referendum in the towns which comprise the district shall be taken "in the manner provided in section 737c."

Upon the pleadings and facts presented it must be concluded that no invalidity or illegality attaches to New Hartford's membership in Regional School District No. 7.

### CONCLUSION

A declaratory judgment may enter that Regional School District No. 7 is a valid and legal regional school district under the General Statutes of the state of Connecticut, as amended, and that the towns of Barkhamsted, Colebrook, Norfolk and New Hartford presently constitute the membership of Regional School District No. 7.

Counsel are to be commended for their exemplary co-operation in expediting the early determination of the issues involved.

No costs will be taxed in this court in favor of any party.